59 P.3d 314

**MAGIC VALLEY NEWSPAPERS, INC., d/b/a The Times News, Plaintiff–Respondent,**

v.

**MAGIC VALLEY REGIONAL MEDICAL CENTER; Jerry Hart, in his capacity as counsel for Magic Valley Regional Medical Center; Terry Schultz, in his capacity as immediate past President of the Magic Valley Regional Medical Center Board; Vesta Maughn, in her capacity as President of the Magic Valley Regional Medical Board; and John or Jane Does I–XVI, in their capacities as Custodian of Records and/or Members of the Board of the Magic Valley Regional Medical Center, Defendants–Appellants.**

No. 27920.

Supreme Court of Idaho.
Twin Falls, November 2002 Term.

Nov. 22, 2002.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for appellants. Tamsen L. Leachman argued.

Hollifield & Bevan, P.A., Twin Falls, for respondent. G. Richard Bevan argued.

EISMANN, Justice.

The appellants challenge a judgment requiring them to disclose the names of employees in connection with a request to examine records showing the name, title, and annual salary of all employees earning in excess of $50,000 per year. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

The Magic Valley Regional Medical Center (herein "Hospital") is a hospital owned by Twin Falls County, Idaho. Magic Valley Newspapers, Inc., (herein "The Times–News") publishes *The Times–News* newspaper and has its principle place of business in Twin Falls County. On May 16, 2001, The Times–News sent the Hospital a written request to inspect and/or copy various public records maintained by the Hospital, including records showing the name, title, and annual salary of every employee of the Hospital earning more than $50,000 annually. After the parties exchanged various communications regarding the request by The Times–News, the Hospital provided four pages listing the job code, the job title, and the salary for various employees earning more than $50,000 annually, but it blacked out the names of all employees on the list except for the names of two vice-presidents and the administrator.

On August 8, 2001, The Times–News filed this action to compel disclosure of the employees' names and obtained an order requiring the Hospital to show cause why it should not provide the names. After a hearing on the order to show cause, the district court orally ordered the Hospital to provide the names, and on August 31, 2001, it entered a judgment so providing. The Hospital then appealed.

## II. ISSUES ON APPEAL

A. Did the district court err in ordering the Hospital to release the names of the employees?

B. Is The Times–News entitled to attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Ordering the Hospital to Release the Names of the Employees?

■ An interpretation of a statute is a question of law over which we exercise free review. *Lopez v. State, Industrial Special Indemnity Fund,* 136 Idaho 174, 30 P.3d 952 (2001). If the statutory language is unambiguous, we merely apply the statute as written. *Id.* If it is ambiguous, then we attempt to ascertain the legislative intent. *Id.* When doing so, we may examine the language used, the reasonableness of proposed interpretations, and the policy behind the statute. *Id.*

■ As a general rule, every public record is open for inspection and copying unless the record is expressly exempted from disclosure by statute. The presumption is that the record is available for inspection and copying. As provided by Idaho Code § 9–338(1) (1998):

Every person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute.

The parties agree that the Hospital is a public agency [1] and that its records are public records.[2] At issue in this case is the

1. " 'Public agency' means any state or local agency as defined in this section [9–337]." IDAHO CODE § 9–337(8) (1998). " 'Local agency' means a county, city, school district, municipal corporation, *district, public health district, politi*cal subdivision, or any agency thereof, or any

committee of a local agency, or any combination thereof." IDAHO CODE § 9–337(6) (1998).

2. " 'Public record' includes, but is not limited to, any writing containing information relating to the conduct or administration of the public's business prepared, owned, used or retained by

scope of the exemptions from disclosure provided by Idaho Code § 9–340C(1) (2002 Supp.), which provides:

The following records are exempt from disclosure:

(1) Except as provided in this subsection, all personnel records of a current or former public official other than the public official's public service or employment history, classification, pay grade and step, longevity, gross salary and salary history, status, workplace and employing agency. All other personnel information relating to a public employee or applicant including, but not limited to, information regarding sex, race, marital status, birth date, home address and telephone number, applications, testing and scoring materials, grievances, correspondence and performance evaluations, shall not be disclosed to the public without the employee's or applicant's written consent. A public official or authorized representative may inspect and copy his personnel records, except for material used to screen and test for employment.

Under Idaho Code § 9–340C(1), personnel records showing a public official's[3] public service or employment history, classification, pay grade and step, longevity, gross salary and salary history, status, workplace and employing agency are not exempt from disclosure. All other personnel information relating to a public employee is exempt from disclosure unless the employee gives written consent to the disclosure.

The Hospital admits that if a request were made to examine records showing the gross salary of a particular named employee, it would be required to honor that request. It argues, however, that if the requesting party does not know the name of the employee, then it cannot disclose that name without the employee's written consent. According to the Hospital, an employee's name is included within "other personnel information" that is exempt from disclosure. The Time–News contends that it is not. Thus, the issue is whether names of public employees are exempt from disclosure when those names are connected with information regarding the employees' gross salary.

Idaho Code § 9–340C(1) does not expressly state whether or not employees' names are exempt from disclosure. As stated, however, by Justice Schroeder in his dissent in *Federated Publications, Inc. v. Boise City*, 128 Idaho 459, 465, 915 P.2d 21, 27 (1996), "For personnel information that is subject to disclosure to have any meaning at all, the name of the involved officials and applicants also must be disclosed." His reasoning is persuasive. We conclude that had the legislature intended to exempt employees' names from disclosure, it would have expressly so provided.

■ The Hospital urges us to adopt a balancing test to determine whether or not its employees' names are exempt from disclosure. It bases this argument upon Idaho Code § 9–340A(1) (1998), which exempts from disclosure "[a]ny public record exempt from disclosure by federal or state law or federal regulations to the extent specifically provided for by such law or regulation." The Hospital points out that under the federal Freedom of Information Act (herein "FOIA"), personnel records are exempt from disclosure if "disclosure ... would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It then states, "The Hospital asks this Court to consider the personnel file exemption under FOIA, either directly through applying I.C. § 9–340A(1), or indirectly as guidance in interpreting Idaho's personnel records exemption."

The FOIA does not apply directly to this case. Idaho Code § 9–340A(1) does not incorporate into Idaho's public records law all provisions of federal law or regulations regarding the disclosure of public records. It only provides that if a federal law or regulation specifically exempts from disclosure a record prepared, owned, used or retained by a state or local agency, then the record is

---

any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." IDAHO CODE § 9–337(10) (1998).

**3.** The term "public official" includes a public employee. IDAHO CODE § 9–337(9) (1998).

also exempt from disclosure under Idaho Code § 9–340A(1). The FOIA only governs the disclosure of public information by authorities of the Government of the United States. 5 U.S.C. § 551(1). It does not purport to govern disclosure of information by state agencies. Thus, the requested records are not exempt from disclosure under the FOIA.

The FOIA also cannot be applied indirectly as guidance in interpreting Idaho's personnel records exemption. When enacting laws governing the disclosure of public records, the Idaho legislature certainly could have included a provision, similar to that in the FOIA, that exempts from disclosure records that would constitute a clearly unwarranted invasion of personal privacy. The legislature did not choose to do so, however, and we do not have the authority to rewrite the statute to include such a provision. See *Idaho State Tax Comm'n v. Stang*, 135 Idaho 800, 25 P.3d 113 (2001).

**B. Is The Times–News Entitled to Attorney Fees on Appeal?**

■ The Times–News requests attorney fees on appeal pursuant to Idaho Code §§ 9–344 and 12–121. Under the former statute, the court shall award reasonable costs and attorney fees to the prevailing party "if it finds that the request or refusal to provide records was frivolously pursued." Under the latter statute, attorney fees will be awarded on appeal when this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *King v. King*, 137 Idaho 438, 50 P.3d 453 (2002). Employees' names are not expressly subject to disclosure under Idaho Code § 9–340C(1), and this Court has not previously decided the issue. Therefore, we decline to award The Time–News attorney fees on appeal.

## IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal, not including reasonable attorney fees, are awarded to The Times–News.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and Justice Pro Tem REINHARDT concur.