# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36701

|  |  |  |
|---|---|---|
| JEFFERY K. WARD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, January 2011 Term |
| | ) | |
| v. | ) | 2011 Opinion No. 8 |
| | ) | |
| PORTNEUF MEDICAL CENTER, INC., and | ) | Filed: February 2, 2011 |
| the BANNOCK COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondents. | ) | |
| ———————————————————— | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Honorable Mitchell W. Brown, District Judge.

The decision of the district court is reversed.

Smith & Banks, PLLC, Idaho Falls, for appellant. Marvin M. Smith argued.

Powers Tolman, PLLC, Twin Falls, for respondents. Jennifer K. Brizee argued.

————————————

J. JONES, Justice.

Jeffery K. Ward ("Ward") appeals the dismissal of his petition to compel production of certain records of Portneuf Medical Center, Inc. ("PMC") and the Bannock County Board of County Commissioners ("the Board") pursuant to Idaho's Public Records Act ("Act") (I.C. §§ 9-337 through 9-350). We reverse.

## I.

### Facts and Procedural History

On July 17, 2008, Ward made a public records request to both PMC and the Board for "true and correct copies of any and all contracts entered into between Portneuf Medical Center and any physician/doctor (M.D. or D.O.), physician group, and/or physician owned entity for the years 2007 to the present." Although the request was directed to both PMC and the Board, legal counsel for PMC responded on behalf of both parties because PMC was the custodian of the records. As the custodian, PMC denied the request, stating that the records were exempt from

disclosure pursuant to Idaho Code sections 9-340A(1), 9-340C(8), 9-340D(1), 9-340D(2) and 9-340D(6).

On November 25, 2008, Ward filed a petition in district court to compel production of the records, arguing that he had complied with the requirements of the Act, that the documents were public records, and that they were subject to disclosure. Alternatively, Ward argued that a statement made by the Chief Executive Officer of PMC, Patrick Hermanson, rendered the documents public pursuant to Idaho Rule of Evidence 801(d)(2) because Hermanson had stated that "every financial relationship we [PMC] have with doctors is done in the sunshine."

The parties agree that, at the time of Ward's initial request, as well as at the time of filing of the petition, PMC was a public agency subject to the disclosure requirements of the Act.[1] However, earlier in November, Bannock County residents voted to sell PMC to a private entity, and on January 20, 2009, while Ward's petition was still pending, PMC was dissolved. PMC's business assets, including business records, were sold to a joint venture between Portneuf Health Care Foundation and Legacy Hospital Partners, Inc., ("Legacy") d/b/a Portneuf Medical Center.

In response to the petition, PMC and the Board argued that once PMC was dissolved and sold to Legacy, the Act no longer applied and Ward's petition should be dismissed. They also filed a motion for a protective order, arguing that they no longer had custody of the records because they had been transferred to Legacy, and that the information in the records was proprietary in nature. Additionally, PMC and the Board filed a motion to dismiss for failure to name the real party in interest.

The district court dismissed Ward's petition, holding that the sale of PMC to Legacy, a wholly private entity, removed the request from the purview of the Act. The district court concluded that the determination of whether the documents were public records and, therefore, subject to disclosure under the Act, required a determination of the nature of PMC as either a public or private entity. In reaching its conclusion, the district court relied on an opinion by the Florida District Court of Appeals, *Memorial Hosp.-West Volusia, Inc. v. News-Journal Corp.*, 927 So.2d 961 (Fla. Dist. Ct. App. 2006), which held that a newly privatized hospital was not subject to the state's public record laws. Pursuant to this analysis, the district court concluded

---

[1] A "public agency" includes "any state or local agency," I.C. § 9-337(11), and a "local agency" is defined as a "county, city, school district, municipal corporation, district, public health district, political subdivision, or any agency thereof, or any committee of a local agency, or any combination thereof," I.C. § 9-337(8).

that after January 20, 2009, PMC was no longer a public agency in the State of Idaho. Furthermore, after reviewing the relevant provisions of the Act, the court determined that the "legislature did not intend to bring private entities within the purview of the public records act." Thus, while the court recognized that the records would likely have been subject to disclosure when PMC was still a public agency, it reasoned that "the sale of PMC removed Mr. Ward's grounds for the request." Additionally, the court determined that the statements made by Hermanson could not place the records within the ambit of the Act since the Legislature did not intend for the disclosure requirements to apply to private entities. Because the district court dismissed Ward's petition, it did not rule on PMC's exemption arguments, the motion for a protective order, or the motion to dismiss for failure to name the real party in interest.

On appeal, Ward argues that the district court's denial of his petition is in error because he made the request while PMC was a public agency, and because the documents are public and not subject to any exemptions. Additionally, Ward argues that PMC violated I.C. § 9-338(9) by selling its business to Legacy, because this provision prohibits contracting with a nongovernmental body in order to remove documents from the purview of the Act.[2] Moreover, Ward argues that PMC violated I.C. § 9-343(2), which requires a public agency to retain records until a pending request is resolved, because PMC transferred the documents to Legacy after Ward filed his petition. However, Ward concedes this argument was not raised before the district court; therefore, this issue will not be considered as a specific basis for overturning the district court's decision. Nonetheless, I.C. § 9-343(2) will be considered in determining the Legislature's intent. Finally, Ward argues that Hermanson's statement that all relationships between the hospital and doctors are "done in the sunshine" makes the records public as a matter of law.

## II.

### Issues Presented on Appeal

I.      Did PMC's sale to Legacy remove it from the scope of the Public Records Act when PMC was a public agency at the time of Ward's initial request and at the time of filing the petition to compel production?

II.     Did Hermanson's statement that all relationships between PMC and doctors are done in the sunshine render the requested documents public as a matter of law?

---

[2] Ward raised this argument in briefing before the district court; however, the court did not rule on the issue because it determined the disclosure requirements did not apply to private entities.

III.    Is PMC entitled to attorney fees on appeal?

## III.

## Discussion

The district court in this case did not rule on whether the documents at issue qualified as public records or whether such documents were subject to any exemptions. However, it did hold that PMC's dissolution, and its sale to Legacy, removed Ward's request from the scope of the Act. Because we reverse, the district court must on remand determine the status of the documents as of July 17, 2008, the date of Ward's initial request, and must determine whether any exemptions apply.[3] Furthermore, because the district court did not determine whether the records were public, this Court declines to consider Ward's alternative argument regarding Hermanson's statement. Since PMC does not prevail on appeal, there is no basis for an award of attorney fees. Any request for attorney fees may be determined by the district court in further proceedings.

### A.  Standard of Review

This Court exercises free review over questions of law, including the interpretation of a statute. *Idaho Conservation League, Inc. v. Idaho State Dep't of Agric.*, 143 Idaho 366, 368, 146 P.3d 632, 634 (2006). Such an interpretation begins with the literal words of the statute, and "[w]here the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction." *Id.* If a statute is ambiguous, this Court attempts to ascertain the Legislature's intent by examining the "language used, the reasonableness of proposed interpretations, and the policy behind the statute." *Magic Valley Newspapers, Inc. v. Magic Valley Reg'l Med. Ctr.*, 138 Idaho 143, 144, 59 P.3d 314, 315 (2002).

---

[3] After determining whether a record qualifies as a "public record," a court must then decide whether a record is exempt from disclosure pursuant to the Act. When considering the question of exemption, a court must start with the presumption that "all public records are open to disclosure and that all exemptions are narrowly construed." *Cowles Publishing Co. v. Kootenai County Bd. of County Comm'rs*, 144 Idaho 259, 264, 159 P.3d 896, 901 (2007). Pursuant to this analysis, this Court narrowly construed the category of personnel records exempted by Idaho Code section 9-340C(1) in *Magic Valley Newspapers, Inc. v. Magic Valley Reg'l Med. Ctr.*, determining that a county hospital must disclose the names of all employees with a salary in excess of fifty-thousand dollars because employee names were not specifically excluded under the exemption. 138 Idaho 143, 145, 59 P.3d 314, 316 (2002). "We conclude that had the legislature intended to exempt employees' names from disclosure, it would have expressly so provided." *Id.* In other words, the presumption of transparency and disclosure is only overcome by a specific demonstration that an exemption applies to the record being requested.

**B. The District Court Erred in Dismissing the Petition.**

There is no provision in the Act addressing whether a public agency remains subject to the Act when the agency dissolves after a request for public records is made. However, to presume that the Legislature intended to remove such requests from the ambit of the Act is inconsistent with the Legislature's broad presumption in favor of disclosure. It is also inconsistent with this Court's efforts to narrowly construe exemptions under the Act, because there is no exemption for documents that are under the control of a public agency at the time of a request but subsequently transferred to a private entity.

As a general rule, everyone has the right to inspect and copy a public record in the State of Idaho, unless a specific exemption applies to preclude its disclosure. The Act provides that "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute." I.C. § 9-338(1). Thus, "[u]nder I.C. § 9-338(1), the public's right to inspect is conditioned solely on whether the document is a public record that is not expressly exempted by statute." *Idaho Conservation League*, 143 Idaho at 369, 146 P.3d at 635.

Furthermore, a public record "includes, but is not limited to, any writing containing information relating to the conduct or administration of the public's business prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." I.C. § 9-337(13). This expansive definition makes clear that a writing is subject to the Act if it "(1) contains information relating to the conduct or administration of the public's business[4] *and* (2) was prepared, owned, used or

---

[4] For example, in *Cowles*, this Court required the disclosure of a string of email communications between a county prosecutor and his subordinate employee because they related to the conduct of the public's business. 144 Idaho at 264, 159 P.3d at 901. The county employee was the director of a defunct juvenile court program and there were allegations of an inappropriate relationship between the prosecutor and the employee. *Id.* at 261, 159 P.3d at 898. Amid the crisis, the prosecutor defended the employee's work performance to the public and press. *Id.* Upon review by this Court, it was determined that pursuant to the first prong of this test, the emails did relate to the conduct of the public's business because the "public's business includes job performance by a county employee, the spending policies of a county program, [and] the issues surrounding that program's demise . . . ." *Id.* at 263, 159 P.3d at 900. There is a similar public interest at issue in this case, despite PMC's dissolution. First of all, the public has a legitimate interest in Bannock County's expenditure of funds on physician contracts. Additionally, like *Cowles*, where the juvenile court program was terminated but the emails remained of public interest, PMC's dissolution does not negate that it was a public agency at the time the contracts were created and that the contracts continue to inform the public on issues of public concern. Finally, PMC alleges that the records are not a matter of public concern because they "are no longer being used in [the] administration of the public's business. They are being used in the

retained by a governmental agency."[5] *Cowles Publishing Co. v. Kootenai County Bd. of County Comm'rs*, 144 Idaho 259, 263, 159 P.3d 896, 900 (2007) (emphasis in original).

The determination of whether a document qualifies as a public record is based on the content of the document and surrounding circumstances as they existed at the time the request was made. It would be irrelevant to make such a determination based on the circumstances that exist months or years after a request, because agencies could alter the nature of the document or change its location in order to remove the documents from the ambit of the Act.

However, the Legislature did not intend for agencies to have the power to alter or prevent their records from being classified as public. For example, I.C. § 9-338(9) prohibits agencies from contracting with nongovernmental agencies in order to prevent documents from being public. "A public agency or independent public body corporate and politic shall not prevent the examination or copying of a public record by contracting with a nongovernmental body to perform any of its duties or functions." I.C. § 9-338(9).[6] If a public agency is prohibited from delegating its duties to a private entity in an effort to evade the Act, an agency certainly could not sell its business assets and transfer its records to a private entity in an effort to *alter* the status of what would otherwise be a public record. Even if, as PMC argues, it was acting in good faith in selling its assets and records, neither a pure nor an ill intent is relevant in determining whether or not a document is a public record. Once a record qualifies as a public record under the Act, that status cannot be altered by dissolution, sale or other means.[7]

---

conduct of a private concern's business." However, the public interest in knowing how the business was conducted by the agency did not terminate upon the transfer. Further, there is an indication that not all the contracts were assumed by Legacy. In its response to Ward's petition, PMC stated, "[Legacy] has assumed *almost all* the contracts between physicians/physician entities and Portneuf Medical Center." (emphasis added). Any contracts to which the county remains liable would certainly be an ongoing matter of public concern. Thus, pursuant to the first prong of the *Cowles* test, the public continues to have an ongoing and legitimate interest in these contracts, even after the dissolution of PMC.

[5] There is no evidence regarding who prepared the contracts, but PMC "used" the contracts to retain doctors for the hospital prior to the sale. Therefore, pursuant to *Cowles*, it is very likely that the only remaining issue for the district court to determine is whether the records are exempt from disclosure.

[6] Ward's argument that PMC violated this provision by contracting with Legacy is without merit. The record reflects that the voters approved the sale of PMC to Legacy prior to Ward filing his petition, and that the decision had been in the works for quite some time prior to his request.

[7] Other jurisdictions have similarly noted that the right to inspect records is a right belonging to the public, and not the public agency. As such, this right cannot be bargained away at the behest of the public agency. *See Nat'l Collegiate Athletic Ass'n v. Associated Press*, 18 So.3d 1201, 1208-09 (Fla. Dist. Ct. App. 2009) ("A private party cannot render public records exempt from disclosure merely by designating information it furnishes a governmental agency confidential. The right to examine these records is a right belonging to the public; it cannot be bargained away by a representative of the government.") (internal quotation omitted). *See also State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 662 N.E.2d 334, 338 (Ohio 1996) ("Once clothed with the public records cloak, the

Furthermore, even if a public agency is sold to a private entity, the agency has an affirmative duty to retain all records during the pendency of a petition to compel production of such records. A public agency "shall keep all documents or records in question until the end of the appeal period, until a decision has been rendered on the petition, or as otherwise statutorily provided, whichever is longer." I.C. § 9-343(2). This duty is triggered at the time a petition is filed, and continues until the petition is resolved, even if a legitimate sale is in the works. Thus, I.C. § 9-343(2) prevents an agency from *altering* the status of a record by transferring the requested record outside the ambit of its control.

The district court's reliance on *Memorial Hospital v. News-Journal*, to support its analysis that a public records request is removed from the disclosure requirements of the Act after an agency is privatized, is misplaced. The district court described *Memorial* as establishing two different tests for determining whether a private entity has sufficient ties with a public agency to subject it to a public records request. However, the issue in this case is not whether Legacy is subject to a public records request but, rather, whether PMC and the Board remain bound by their statutory duty to make public documents available after PMC sold its business assets to Legacy. We so hold.

PMC and the Board argue that "[a] 'public' record can only be deemed public so long as it is within the custody of the public entity." However, this Court rejected a similar argument in *Idaho Conservation League* when it ruled that the custodian[8] of the documents is irrelevant when determining whether a requested document is a public record and whether it qualifies for an exemption. 143 Idaho at 369, 146 P.3d at 635. In *Idaho Conservation League*, the Department of Agriculture argued that because requested records were returned to feedlot operators after being created, the department was no longer obligated to provide the records to the public upon request. *Id.* at 368, 146 P.3d at 634. However, this Court determined that because the documents qualified as public records and were not subject to an exemption, "the judicial inquiry is at an end." *Id.* at 369, 146 P.3d at 635. Indeed, the Court held that I.C. § 9-338(9) embodied "a clear policy by the Legislature that the public has a right to view and inspect records relating to the

---

records cannot be defrocked of their status."). To this end, PMC cannot bargain away the public's right to inspect documents merely by selling its business to a nongovernmental entity.

[8] A custodian includes any "person having personal custody and control of the public records . . . . [or] any public official having custody of, control of, or authorized access to public records . . . ." I.C. § 9-337(3). Further, a "public official" includes any county official or employee. I.C. § 9-337(12).

public's business and this right cannot be denied by the expediency of having some other entity conduct the public's business at some other location." *Id.* at 369, 146 P.3d at 635. Similarly, so long as a document qualifies as a public record at the time of a request and is not subject to any exemptions, its subsequent transfer to a nongovernmental entity does not affect its status as a public record.

In sum, both the Board and PMC remain subject to the disclosure requirements under the Act because both were public agencies at the time of the request. Further, PMC and the Board had a duty under I.C. § 9-343(2) to retain such records after Ward filed his petition in district court. However, to the extent that the request seeks documents outside the scope of Idaho's Public Records Act, PMC has no obligation to provide such records. Furthermore, should any of the requested documents contain information specifically exempt from disclosure, those portions need not be provided. *See* I.C. §§ 9-341 and 9-338(a)(ii). Therefore, the district court's dismissal of Ward's petition is reversed and this case is remanded for determination of these remaining issues.

Because the district court remained concerned about fashioning a remedy in this case, we also provide guidance on that issue. The sole remedy "for a person aggrieved by the denial of a request for disclosure is to institute proceedings in the district court of the county where the records . . . are located, to compel the *public agency* or independent public body corporate and politic to make the information available for public inspection in accordance with the provisions of sections 9-337 through 9-348, Idaho Code."[9] I.C. § 9-343(1) (emphasis added). Ward exercised this statutory remedy by filing a petition in district court against the appropriate public agencies. Although the district court believed no remedy could be imposed against PMC after its dissolution, this concern is unfounded. Idaho's Nonprofit Corporation Act provides that the dissolution of a nonprofit corporate entity does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name" or "[a]bate or suspend a proceeding pending by or against the corporation on the effective date of dissolution. . ." I.C. §§ 30-3-113(2)(d) and (e). Therefore, even when a corporation pursues dissolution, it continues to exist until its business

---

[9] This provision also requires that responsive pleadings and hearings be set no later than 28 days after filing the initial petition. I.C. § 9-343(1). In this case, Ward filed the petition on November 25, 2008, the responsive brief was not filed until February 18, 2009, (approximately 86 days after filing the petition) and the hearing was held on May 1, 2009, (approximately 158 days after filing the petition). Such time lapses are not in compliance with the statutory requirements.

affairs are wound up, including the resolution of any pending litigation. *See In re Young*, 409 B.R. 508, 514 (Bank. D. Idaho 2009) (citing *Wait v. Leavell Cattle, Inc.,* 136 Idaho 792, 794 n.2, 41 P.3d 220, 222 n.2 (2002)). As such, PMC continues to exist until this case has been resolved, and PMC can appropriately be the subject of an order by the district court. Any issues PMC has in obtaining access to these records are of no concern to this Court because the statute clearly requires public agencies to retain such records until any pending litigation has been resolved.

**C.  PMC Is Not Entitled to Attorney Fees on Appeal.**

PMC requests attorney fees on appeal pursuant to I.C. § 12-121 and Idaho Rule of Civil Procedure 54(e)(1). However, because PMC did not prevail in this appeal, there is no basis to award attorney fees. The district court may consider attorney fees incurred in this appeal in determining any request for fees made in subsequent proceedings on remand.

**IV.**

**Conclusion**

We hold that PMC and the Board are subject to the disclosure requirements of the Act pursuant to Ward's request. Therefore, the district court's dismissal was in error. We remand the case for further proceedings consistent with this opinion. Costs on appeal are awarded to Ward.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.