IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 40142

| | | |
|---|---|---|
| JAMEE LEE WADE, | ) | |
| | ) | Boise, December 2013 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2014 Opinion No. 29 |
| v. | ) | |
| | ) | Filed: March 18, 2014 |
| BRYAN F. TAYLOR, County Prosecuting | ) | |
| Attorney, CANYON COUNTY | ) | Stephen Kenyon, Clerk |
| PROSECUTING ATTORNEY'S OFFICE, a | ) | |
| public agency, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u> to the district court for further proceedings consistent with this opinion.

Canyon County Prosecuting Attorney's Office, Caldwell, for appellants. Michael K. Porter argued.

James K. Dickinson, Boise, for amicus curiae Idaho Prosecuting Attorneys Association.

Camacho Mendoza Coulter Law Group, Eagle, for respondent. Ronaldo A. Coulter argued.

_____

HORTON, Justice.

This appeal arises from a Petition for Access to Public Records filed by Jamee Wade seeking the disclosure of investigatory records in the possession of the Canyon County Prosecuting Attorney's Office (CCPA). The district court ordered CCPA to produce the records pursuant to the request, but limited disclosure to Wade and his counsel. CCPA timely appealed. We vacate the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2011, Wade was shot twice by a Fruitland police officer (the Officer) in Payette County after an altercation. Intending to file a claim under the Idaho Tort Claims Act,

1

Wade sought copies of investigatory records related to the incident pursuant to the Idaho Public Records Act (IPRA), I.C. §§ 9-337 through -350. On March 13, 2012, Wade sent his first request to the Idaho State Police (ISP), requesting all records of ISP's investigation into the shooting. ISP denied Wade's request, citing Idaho Code sections 9-335, 337(6) and 340B, and informed Wade that the investigation was ongoing but that he could request the records from the Payette County Prosecutor.

Wade then made a request to the Payette County Prosecutor, asking for the complete investigation records received from ISP and the Fruitland Police Department. The Payette County Prosecutor denied Wade's request, stating the documents were exempt from disclosure pursuant to Idaho Code section 9-335(1) as they were subject to an ongoing investigation, but informed Wade that upon completion of the ISP investigation all materials had been forwarded to CCPA for review. In February, 2012, the Payette County Prosecutor had sent three binders compiled by ISP to CCPA after requesting CCPA to serve as special prosecuting attorney and to determine whether charges should be brought against Wade or the Officer.

Citing Idaho Code sections 9-337 through -347, Wade made a public records request to Bryan Taylor, the Canyon County Prosecutor, on March 23, 2012. The request sought "[t]he complete investigation, to include all reports, and all documentary evidence" compiled by ISP, the Fruitland Police Department, and the Payette County Sheriff's Office regarding the shooting. On March 30, 2012, CCPA, citing Idaho Code section 9-335, denied Wade's request and asserted that the investigation was ongoing and disclosure would interfere with enforcement proceedings and could deprive the parties of their right to a fair trial or impartial adjudication. Wade filed a Petition to Access to Public Records in Canyon County district court on April 19, 2012. CCPA responded to the petition and moved to dismiss citing Idaho Code section 9-335(1)(a) and arguing that disclosure would interfere with enforcement proceedings.

The investigatory records at issue contain Wade's medical records, photocopies of his social security card, debit card, and photo identification, along with police reports regarding the incident, interviews with witnesses, interviews with Wade and the Fruitland Police Officer involved, 911 audio recordings from the night in question and the previous evening, dispatch reports, photographs, and a video of the shooting.

After holding one hearing and giving CCPA additional time to complete its investigation, the district court held a second hearing on May 17, 2012. At that hearing, CCPA informed the

2

district court that CCPA's investigation and review of the documents was still ongoing. The district court determined that an *in camera* review of the documents was necessary. On June 5, 2012, after reviewing the investigatory records *in camera*, the district court issued its decision and order, along with a final judgment, granting Wade's public records request and ordering disclosure of the records. The district court concluded that under Idaho Code section 9-335, CCPA failed to show that disclosure would interfere with enforcement proceedings or deprive a person of a right to a fair trial, and therefore, CCPA's refusal to disclose the records was not justified. CCPA moved to alter or amend the judgment. The district court granted this motion and entered an amended judgment, limiting disclosure of the records to Wade and his counsel and prohibiting the records from being "disclosed outside of the pending Tort Claim before Payette County or any subsequent civil litigation."[1] CCPA filed its notice of appeal on July 11, 2012. Wade moved to alter or amend the judgment on August 2, 2012, and the district court amended the judgment to allow Wade to seek attorney fees and costs at the conclusion of this appeal.

Meanwhile, Wade filed a civil rights complaint in the United States District Court for the District of Idaho. On December 11, 2012, the Fruitland Police Department produced reports and records of the shooting incident in response to Wade's request for production. This material was identical to that which was sought in Wade's public records request to CCPA.

## II. STANDARD OF REVIEW

When considering an appeal from a public records request, this Court will not set aside the district court's findings of fact unless they are "clearly erroneous, which is to say that

---

[1] CCPA also raised the issue that disclosure would constitute an unwarranted invasion of privacy in their Motion to Amend the Judgment under I.R.C.P. 59(e). The district court declined to consider the issue as it was not made at the original hearing. On appeal, CCPA again asserts that disclosure could constitute an unwarranted invasion of privacy by disclosing the identities of those cooperating with police and stigmatizing a suspect.

This Court recently explained:

> Consideration of I.R.C.P. 59(e) motions must be directed to the status of the case as it existed when the court rendered the decision upon which the judgment is based. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Such motion cannot be used to present new information that the trial court did not have before it rendered its judgment. A Rule 59(e) motion cannot be used to raise issues and offer evidence that, in hindsight, the litigant wishes it would have presented prior to the entry of a final judgment.

*City of Pocatello v. State*, 152 Idaho 830, 837, 275 P.3d 845, 852 (2012) (internal quotations and citations omitted). Because the issue of whether disclosure would constitute an unwarranted invasion of personal privacy was not raised to the district court prior to the entry of judgment, it could not be raised by a motion under I.R.C.P. 59(e). Therefore, we will not address this issue on appeal.

3

findings that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal." *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). "This Court exercises free review over questions of law, including the interpretation of a statute." *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 504, 248 P.3d 1236, 1239 (2011).

### III. ANALYSIS

This case involves the application of the IPRA, specifically whether investigatory records are exempt from disclosure under Idaho Code sections 9-335 and 9-340B(1). We address various aspects of Idaho Code section 9-335 today. First, we conclude that investigatory records under prosecutorial review are active, not inactive, investigatory records. We next determine that under Idaho Code section 9-335(1), the party withholding disclosure has the burden to show a reasonable probability that disclosure of the investigatory records would result in one or more of the harms identified by Idaho Code section 9-335(1)(a)–(f). We also clarify today that when the district court is reviewing a petition to access public records, the district court's inquiry is whether the exemption from disclosure was justified at the time of the refusal to disclose rather than at the time of the hearing. Further, in the event that the request covers both exempt and nonexempt records, the district court has an obligation to distinguish those records that are exempt from disclosure from those that are not. Finally, we reiterate that whether or not a record is exempt from disclosure is an objective inquiry. Thus, as these are *public* records, the district court cannot limit the disclosure of nonexempt records to certain individuals for certain purposes.

**A. This controversy is not moot.**

As a threshold matter, Wade argues that this appeal is moot because he has obtained access to all the documents he sought in his petition through the discovery process in his federal civil rights case. CCPA argues that this appeal is not moot because the issue of attorney fees remains an issue to be resolved. We agree.

Whether an appeal is moot is a question of this Court's jurisdiction and may be raised at any time. *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012). A case is moot if the party lacks a legally cognizable interest in the outcome or "if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). Here, Wade argues he is entitled to attorney fees on appeal pursuant to Idaho Code sections 9-335(4), 9-344(2), 12-121, and I.R.C.P. 54(e)(1). Wade obtained the

4

records sought after he instituted this lawsuit to compel their production but he did not obtain the records from CCPA. Further, the issue of attorney fees below and on appeal remains unresolved. In cases regarding public records requests, even when the disputed records are produced, if the records were not provided until after the lawsuit was instituted to compel the production of the records and the issue of attorney fees remains, the case is not moot and this Court has jurisdiction to hear the appeal. *Henry v. Taylor*, 152 Idaho 155, 161, 267 P.3d 1270, 1276 (2012).

## B. The district court applied an erroneous legal standard in its analysis under I.C. § 9-335.

CCPA argues that the district court erred by ordering disclosure of the records. This argument involves several distinct alleged errors: (1) that the district court erred in concluding investigatory records are inactive when under prosecutorial review; (2) that the district court held CCPA to a heightened standard of proof not required by Idaho Code section 9-335; and (3) that the district court misapplied the law by considering the subjective intent of the parties and limiting disclosure of the documents it ordered to be disclosed. To address these claims, it is necessary to explain this dispute in the context of the IPRA.

A public record is "any writing containing information relating to the conduct or administration of public business prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." I.C. § 9-337(13). The IPRA provides a statutory mechanism by which members of the public may review public records so that they may be knowledgeable of the operations of their government, the performance of public officials, and the formulation of public policy. In fact, "[e]very person has a right to examine and take a copy of any public record of this state" unless an exemption is "expressly provided by statute." I.C. § 9-338(1).

Because this Court presumes that "all public records are open unless expressly provided otherwise by statute," this Court narrowly construes exceptions to the duty of public disclosure. *Federated Publ'ns, Inc. v. Boise City*, 128 Idaho 459, 463, 915 P.2d 21, 25 (1996). Thus, this Court's first inquiry is whether the writings requested are public records; if so, this Court presumes the records to be open to the public, unless it is shown that an exemption applies. *See Cowles Publ'n Co. v. Kootenai Cnty. Bd. of Cnty. Comm'rs*, 144 Idaho 259, 262, 159 P.3d 896, 899 (2007).

Neither party disputes that the requested records are public records; specifically that these were investigatory records compiled by a law enforcement agency.[2] Thus, the critical question is whether an exemption applies to exclude these records from otherwise-mandatory disclosure. Idaho Code sections 9-340A through -340H specify public records that are exempt from disclosure. *Bolger*, 137 Idaho at 795, 53 P.3d at 1214. Records that are exempt from disclosure include "medical records," along with "records of psychiatric care or treatment and professional counseling records relating to an individual's condition." Idaho Code section 9-340C(13). Some investigatory records are also exempt pursuant to Idaho Code section 9-340B(1) and 9-335.

Investigatory records are governed by Idaho Code section 9-340B, which exempts from disclosure "[i]nvestigatory records of a law enforcement agency, as defined in section 9-337(7), Idaho Code, under the conditions set forth in section 9-335, Idaho Code." I.C. § 9-340B(1). Idaho Code section 9-335(1) provides:

> Notwithstanding any statute or rule of court to the contrary, nothing in this chapter nor chapter 10, title 59, Idaho Code, shall be construed to require disclosure of investigatory records compiled for law enforcement purposes by a law enforcement agency, but such exemption from disclosure applies only to the extent that the production of such records would:
> (a) Interfere with enforcement proceedings;
> (b) Deprive a person of a right to a fair trial or an impartial adjudication;
> (c) Constitute an unwarranted invasion of personal privacy;
> (d) Disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement agency in the course of a criminal investigation, confidential information furnished only by the confidential source;
> (e) Disclose investigative techniques and procedures; or
> (f) Endanger the life or physical safety of law enforcement personnel.

I.C. § 9-335(1). Under Idaho Code section 9-335(3), "[a]n *inactive* investigatory record shall be disclosed unless the disclosure would violate the provisions of subsection (1)(a) through (f) of this section." I.C. § 9-335(3) (emphasis added).

Exempting investigatory records from disclosure if they would interfere with enforcement proceedings is intended to prevent premature disclosure of the government's case, "thus enabling suspected violators to construct defenses in response thereto, enabling litigants to discern the identity of prospective government witnesses, as well as confidential information, or

---

[2] We note, however, that in this case the investigatory record contained photocopies of the front and back of Wade's Idaho Identification Card, his debit card, his social security card, and other personal possessions and information. Generally, these items would not be public records, but because they were collected by ISP in the investigation of the shooting, they became part of the investigatory record, and as such, became a public record. *See* I.C. § 9-335.

6

the nature of the government's evidence and strategy, and exposing affiants and potential witnesses to intimidation or harassment." Wetzel, Op. Id. Att'y Gen. 86-87 p. 4 (1986). The purpose of exempting records that may deprive a person of a fair trial is to ensure "that parties will not be prejudiced by premature release of information concerning their case." *Id.*

However, there is a special rule regarding records relating to a specific person. Under Idaho Code section 9-342(1), "[a] person may inspect and copy the records of a public agency or independent public body corporate and politic pertaining to that person, even if the record is otherwise exempt from public disclosure." This Court has already determined that this right is limited, and an individual does not have a right to inspect "[o]therwise exempt investigatory records of a public agency . . . if the investigation is ongoing" or inspect "[i]nformation which is otherwise exempt from disclosure by statute or court rule." I.C. § 9-342(3)(a), (c). As such, Idaho Code section 9-342, granting an individual the right to examine public records which relate to that person even if otherwise exempt, is limited by Idaho Code section 9-335. *Bolger*, 137 Idaho at 796, 53 P.3d at 1215. It is because of the complexity of this statutory interplay and the unique nature of investigatory records that we are sympathetic to the district court's efforts to ascertain whether these records should have been disclosed.

**1. The records Wade requested were active investigatory records governed by Idaho Code section 9-335(1).**

The first inquiry is which section of Idaho Code section 9-335 applies. The district court found that the last "active investigation into this incident" was over four months prior to Wade's request and, thus, the records were inactive investigatory records governed by Idaho Code section 9-335(3). CCPA argues that records undergoing prosecutorial review in the course of making a decision whether to bring criminal charges are active investigatory records governed by Idaho Code section 9-335(1). Wade argues that the records he requested were the records of investigations that had already been completed, and thus, they were not active investigations. He argues that simply because the completed investigation records were in the hands of the prosecutor does not change the fact that the investigations were inactive. Thus, the issue presented is whether the district court erred in concluding that the investigatory records Wade sought were inactive investigatory records under Idaho Code section 9-335. We hold that it did.

Idaho Code section 9-335(1) applies to investigatory records generally, while Idaho Code section 9-335(3) deals with *inactive* investigatory records, indicating there is a distinction between active and inactive investigatory records. There is no statutory definition of these terms

7

and this Court has not previously attempted to determine the distinction between active and inactive records in the possession of a prosecuting attorney. From the structure of the statute, we can glean that the legislative intent underlying Idaho Code section 9-335 is to prevent the premature disclosure of information that may compromise an investigation, the state's case in court, or the defendant's right to a fair trial. I.C. § 9-335(1)(a)–(f). In light of these statutory objectives, we are unable to accept Wade's position that the investigatory records completed by ISP were no longer active when they were transferred to CCPA for review, as this conclusion would negate the purpose of Idaho Code section 9-335 by requiring disclosure of information relating to potential criminal charges prior to the prosecutor's determination whether charges are to be filed. Further, because the office of a prosecuting attorney is defined to be a law enforcement agency by both Idaho Code sections 9-335(3) and 9-337(7), so long as the prosecutor's office is engaged in an ongoing review of investigatory records in good faith, those records are active for purposes of Idaho Code section 9-335.

In this case, the investigation completed by ISP was sent to the Payette County Prosecutor, which in turn forwarded the records to CCPA for the purpose of reviewing the matter to determine whether charges should be brought against the Officer or Wade. Thus, though ISP had completed its investigation into the matter, it is clear that CCPA was still contemplating prosecution of either Wade or the Officer and was evaluating the information compiled by ISP. Treating the records as inactive would interfere with CCPA's ability to determine whether it was appropriate to initiate prosecution. Therefore, we hold that investigatory records under active prosecutorial review are not inactive investigatory records, but are active investigatory records, requiring the application of Idaho Code section 9-335(1). Thus, the district court erred in applying Idaho Code section 9-335(3).

### 2. CCPA must demonstrate a reasonable probability that harm contemplated by Idaho Code section 9-335(1)(a)–(f) would result through disclosure.

Under Idaho Code section 9-335, the entity withholding the records has the burden of demonstrating that the records are exempt from disclosure. *Bolger*, 137 Idaho at 796, 53 P.3d at 1215. Thus, our next inquiry is whether CCPA met its burden to show that the records were exempt. The district court determined that CCPA failed to satisfy its burden because CCPA only demonstrated that interference with enforcement proceedings might possibly result, but failed to show that interference would certainly result.

8

CCPA argues that this Court should adopt the federal courts' interpretation of the Freedom of Information Act, 5 U.S.C. § 552. CCPA asks this Court to require the party withholding disclosure pursuant to Idaho Code section 9-335(1)(a) to prove only that disclosure of these types of records would, in general, tend to interfere with enforcement proceedings. Wade argues that CCPA simply failed to meet its burden under Idaho Code section 9-335 as it failed to show how disclosure would have any result identified in Idaho Code section 9-335(1)(a)–(f).

CCPA asks this Court to adopt the United States Supreme Court's reasoning in *N.L.R.B v. Robbins Tire*, 437 U.S. 214 (1978), which interpreted 5 U.S.C. § 552(b)(7)(A), a statute with nearly identical language to Idaho Code section 9-335(1). *Id.* at 216. In *Robbins*, the Court considered whether disclosure of the statements of witnesses whom the National Labor Relations Board intended to call at a hearing regarding unfair labor practices would "interfere with enforcement proceedings." *Id.* The Court noted that unlike the other harms contemplated in the statute, such as deprivation of a fair trial or an unwarranted invasion of personal privacy, the word "proceedings" is plural, suggesting that "certain generic determinations" could be made, whereas the other harms required a more specific showing. *Id.* at 223–24. Thus, the Court concluded that with respect to particular kinds of proceedings, "disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.' " *Id.* at 236.

We decline to adopt this categorical approach to Idaho Code section 9-335(1). The structure of the statute does not suggest that there is a variable burden of proof on the withholding agency that is dependent upon on the nature of the alleged harm resulting from disclosure. We conclude that the burden of demonstrating that disclosure of the records would result in a harm identified by Idaho Code section 9-335(1)(a)–(f) is the same for each subdivision of that statute. The district court is to make this determination in light of the record before it, not based on a generalization of the types of documents withheld, but by a thorough review of the investigatory record and consideration of the likelihood that the harms identified in Idaho Code section 9-335(1) will be realized.

As we held in *Bolger v. Lance*, 137 Idaho 792, 53 P.3d 1211 (2002), "[t]he statutory scheme for disclosure of public records, and this Court's interpretation thereof, clearly envisions that, in responding to an order to show cause, the agency bears the burden of persuasion and

9

must 'show cause,' or prove, that the documents fit within one of the narrowly-construed exemptions." *Id*. at 796, 53 P.3d at 1215. There, we held that the "documents themselves were substantial and competent evidence to satisfy the AG's burden of persuasion" and that "disclosure of the documents would clearly 'interfere with law enforcement proceedings' or 'disclose investigative techniques and procedures.'" *Id.*

Although the agency resisting disclosure bears the burden of proof, this Court has never required the withholding agency to prove with certainty that disclosure of the records would cause one of the harms identified in Idaho Code section 9-335(1). Rather, we hold that the withholding agency has the burden to demonstrate a reasonable probability that disclosure of the requested records would result in a harm listed in Idaho Code section 9-335(1)(a)–(f).

Here, although CCPA offered a great deal of argument before the district court that disclosure of the records would interfere with enforcement proceedings or deprive a person of a fair trial or an impartial adjudication, prior to the district court's order compelling disclosure of the documents, the only evidence (apart from the records themselves) offered in opposition to Wade's petition was the affidavit of Christopher Topmiller, CCPA's Chief Criminal Deputy. Topmiller's affidavit addressed whether the records were active or not, rather than any harm that might result from their disclosure. His affidavit simply stated that the Payette County Prosecutor had requested that he review the incident for potential criminal charges, that he had requested an investigator in his office and the Chief Deputy of the Canyon County Sheriff's Office to review the files, and that his investigation was ongoing. The district court reviewed the entire record *in camera*. The district court, however, applied an erroneous standard, interpreting Idaho Code section 9-335(1) as requiring it to find that disclosure "will interfere" with enforcement proceedings. On remand, the district court must determine whether CCPA showed a reasonable probability that disclosure of the records would interfere with enforcement proceedings or deprive a person of a fair trial or an impartial adjudication.

Finally, we note that the inquiry should focus on whether the withholding agency has shown a reasonable probability of a harm identified in Idaho Code section 9-335(1)(a)–(f) at the time of the denial of the public records request rather than at the time of the hearing. This is because Idaho Code section 9-335(4) states that in the event the "judge determines that the public official *was justified* in refusing to make the record public," the district judge "shall return the item to the public official . . . ." (emphasis added). This language makes it clear that the

10

relevant inquiry is the time of the denial. *See also* I.C. § 9-344(2) ("If the court determines that the public official was justified in refusing to make the requested record available, he shall return the item to the public official without disclosing its content and shall enter an order supporting the decision refusing disclosure."). Here, the district court continued the hearing in an apparent effort to provide CCPA additional time to make its charging decision. This suggests that the district court was focused on whether an exemption applied at the time of its decision, not whether CCPA was justified in refusing disclosure on March 22, 2012, when it denied Wade's public records request. For these reasons, we vacate the district court's order requiring disclosure of the records.

## C. The district court has a duty to identify exempt and nonexempt records.

For guidance on remand, we turn more generally to the application of the IPRA. Pursuant to Idaho Code section 9-343(1), "[t]he sole remedy for a person aggrieved by the denial of a request for disclosure is to institute proceedings in the district court of the county where the records or some part thereof are located, to compel the public agency . . . to make the information available for public inspection in accordance with the provisions of sections 9-337 through 9-348, Idaho Code." *See also* I.C. § 9-335(4). The district court, in reviewing a denial of a public records request, engages in the same analysis as the custodian when determining whether or not the records requested are exempt from disclosure. *See* I.C. § 9-343(1). As such, both the district court and the public agency in custody of the requested public record have a duty to examine the documents subject to the request and "separate the exempt and nonexempt material and make the nonexempt material available for examination." I.C. § 9-341. This obligation exists even if exempt material is contained in the same public record as nonexempt material; that which is nonexempt must be made available. I.C. §§ 9-338, 341.

In this case, the district court concluded that the entire investigatory record was nonexempt and ordered disclosure. Even a cursory examination of the records reflects that this was error. Even if these records are not exempt under Idaho Code section 9-335, Wade's medical records would be exempt pursuant to Idaho Code section 9-340C(13), but for the fact that Wade was making the request pursuant to Idaho Code section 9-342. Likewise, if anyone but Wade had made the request, the copies of Wade's social security card, his debit card information and his photo identification would be exempt under Idaho Code section 9-335(1)(c) as making this

11

information public would certainly constitute an unwarranted invasion of Wade's personal privacy.

**D. Whether a public record is exempt from disclosure is an objective inquiry.**

Ultimately, the district court directed the disclosure of all of the investigatory records, but limited disclosure to Wade and his counsel for the purpose of pursing his tort claim. CCPA argues that the district court erred in its analysis under Idaho Code section 9-344 by engaging in a subjective analysis and by crafting a remedy not authorized by statute. We conclude that the district court erred in two respects in conducting its review under Idaho Code sections 9-344 and -335(4). First, the district court erred by taking into consideration Wade's motivation for the request; and second, by limiting disclosure of records, which it determined were not exempt from disclosure, to particular people and for particular purposes.

Once a request for public records is made, the custodian of the records is to make no inquiry of the person making the request, except as explicitly provided in Idaho Code section 9-338(5). Thus, with the exception of ensuring compliance with Idaho Code section 9-338(5), the motivation of the person requesting the public record is irrelevant. The public's right, and consequently, any individual person's right, to inspect a public record "is conditioned *solely* on whether the document is a public record that is not expressly exempted by statute." *Idaho Conservation League, Inc. v. Idaho State Dep't of Agric.*, 143 Idaho 366, 369, 146 P.3d 632, 635 (2006) (emphasis added). Thus, whether a public record is subject to disclosure or exempt from disclosure is an objective analysis, both for the custodian and for the district court.

Here, the district court, in making its determination that the records were not exempt from disclosure, considered the purpose for which Wade was seeking the records. Specifically, the district court noted that Wade sought the records for the purpose of filing a claim under the Idaho Tort Claims Act and that in order to effectively pursue his claim he needed access to the requested documents. The purpose for which Wade sought the records is irrelevant in analyzing whether or not the records were exempt from disclosure. *See* I.C. § 9-338.

The district court ordered CCPA to disclose the records after determining the investigatory records were not exempt from disclosure, but then entered an order limiting disclosure to Wade "and his legal counsel" such that the records "may not be disclosed outside of the pending Tort Claim before Payette County or any subsequent civil litigation that may result

12

from said tort claim." When the district court is reviewing a denial of a public records request, the district court has limited options. Particularly:

> If the court finds that the public official's decision to refuse disclosure is not justified, *it shall order* the public official to make the requested disclosure. If the court determines that the public official was justified in refusing to make the requested record available, *he shall return* the item to the public official without disclosing its content and shall enter an order supporting the decision refusing disclosure.

I.C. § 9-344(2) (emphasis added); *see also* I.C. § 9-335(4). Thus, the district court may either order disclosure of the public record, or uphold the exemption and return the public record. The district court may not restrict the manner in which nonexempt public records are utilized. This is true despite Idaho Code section 9-342. While Idaho Code section 9-342 authorizes a person to inspect records that are otherwise exempt when they pertain to that person, Idaho Code section 9-342 does not provide the district court with authority to restrict the manner in which that individual may use the records.

**E. Although it was not legal error, it would have been preferable for the district court to have ruled on Wade's request for attorney fees.**

CCPA filed its Notice of Appeal on July 11, 2012. The district court then amended the judgment on October 5, 2012, "to allow [Wade], to seek attorney fees and costs at the conclusion of" this appeal. CCPA argues that the district court did not have jurisdiction to enter the judgment regarding fees because the district court did not seek leave from this Court to amend under I.A.R. 13.4. As such, CCPA asserts that the issue of costs and fees should not be raised on appeal nor be argued below. Wade does not address this argument.

CCPA's reliance on I.A.R. 13.4 is misplaced because this is not a permissive appeal under I.A.R. 12, nor is it an appeal from a "partial judgment certified as final" under I.R.C.P. 54(b). Pursuant to I.A.R. 13(b), during the pendency of the appeal, the district court has the authority to rule on a motion and enter an order regarding attorney fees incurred in the trial of the action at the district court level, and to amend the judgment. I.A.R. 13(b)(4), (9). Thus, the district court had jurisdiction to rule on the motion regarding fees. However, the district court made no actual decision regarding attorney fees, but merely reserved the issue until resolution of this appeal. Although it was not legal error, by failing to make a ruling on this issue, the district court left the door open for a second appeal solely on the issue of attorney fees. The interests of

13

the parties, as well as judicial economy, are such that the better practice is for the district court to rule on attorney fees requests so that all issues may be resolved in a single appeal.

**F.  Attorney fees requested in connection with a public record request are governed by Idaho Code section 9-344(2) but are not appropriate in this appeal.**

Wade requests attorney fees on appeal pursuant to Idaho Code sections 9-335(4), 9-344(2), 12-121, and I.R.C.P 54(e)(1). Idaho Code § 9-344(2) provides that in any public records action, "the court shall award reasonable costs and attorney fees to the prevailing party or parties, if it finds that the request or refusal to provide records was frivolously pursued." In *Henry v. Taylor* this Court determined:

> Idaho Code section 9–344(2) sets forth the standard for awarding reasonable costs and attorney fees in actions pursuant to the Public Records Act. To base an award on some other statute would be contrary to the legislature's intent in including in the Act an attorney fee provision with a specified standard for awarding attorney fees in proceedings to enforce compliance with the Act. That statute is the exclusive basis for such an award.

152 Idaho 155, 162, 267 P.3d 1270, 1277 (2012). Thus, Idaho Code section 9-344(2) is the only statute that applies to Wade's request for attorney fees. Because Wade has not prevailed in this appeal, he is not entitled to attorney fees.

## IV. CONCLUSION

We vacate the order of the district court compelling disclosure of the records and remand to the district court for further proceedings consistent with opinion. Costs on appeal are awarded to CCPA.

Chief Justice BURDICK, Justice EISMANN and Justice Pro Tem SCHROEDER **CONCUR**.

J. JONES, Justice, special concurrence.

I fully concur in the Court's opinion but wish to make an observation regarding Part III.B.1. While I agree that investigatory records under active prosecutorial review are not inactive investigatory records, this should not be regarded by prosecutors as a perpetual safe haven for such records. In other words, "active prosecutorial review" should mean just that. If the investigatory records are left to languish in the prosecutor's office for a long period of time without any attention or if this categorization is used as a means of merely keeping records off limits from public inspection, the categorization as inactive investigatory records may well be

more appropriate. In other words, if the investigatory records are under review, they should be being reviewed instead of just gathering dust.