## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41156

GRETCHEN HYMAS, BREANNA
HALOWELL, and TRAVIS FORBUSH,

    Petitioners-Appellants,

v.

THE MERIDIAN POLICE DEPARTMENT,

    Respondent.

2014 Opinion No. 59

Filed: July 25, 2014

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Melissa Moody, District Judge.

Order denying motion for attorney fees and costs in action to disclose public records, <u>reversed</u> <u>and</u> <u>remanded</u>.

Clark & Associates, Eagle, for appellant.  Eric R. Clark argued.

William L.M. Nary, Meridian City Attorney; Emily Kane, Deputy City Attorney, Meridian, for respondent.  Emily Kane argued.

_____

MELANSON, Judge

Gretchen Hymas, Breanna Halowell, and Travis Forbush (appellants) appeal from the district court's order denying their request for attorney fees and costs resulting from their petition to compel disclosure of records held by the Meridian Police Department (MPD) pertaining to its investigation into the death of McQuen Forbush.  For the reasons set forth below, we reverse and remand.

### I.

### FACTS AND PROCEDURE

Hymas and Forbush are the parents of McQuen Forbush, who died of carbon monoxide poisoning while staying at a third party's apartment on November 10, 2012.  Halowell, who was dating McQuen and staying with him at the apartment, also suffered carbon monoxide poisoning on the same date.  The appellants made an initial public records request with the MPD on December 6, 2012, for any information it had gathered regarding McQuen's death.  The MPD

1

denied the request pursuant to I.C. § 9-335(1)(a). This statute exempts from disclosure "records compiled for law enforcement purposes by a law enforcement agency" if production of those records would interfere with "enforcement proceedings." The MPD informed the appellants that the basis of its decision was that the investigation was active and ongoing. The appellants filed an action on December 26, 2012, to compel the MPD to disclose the requested investigatory records. The appellants' initial request for disclosure did not identify any specific records they were seeking. However, appellants' subsequent petition initiating this action identified specific items they believed to be in the MPD's investigatory records that were of particular interest to the appellants--photographs of the apartment's water heater and thermostat, which was believed to be the source of the carbon monoxide, and information regarding past or present carbon monoxide problems at the apartment complex where McQuen died. After the appellants filed their petition, they made formal requests for disclosure of the specified items, which the MPD provided.[1]

The MPD concluded its investigation into McQuen's death on February 21, 2013, officially declaring his death an accident. The MPD then disclosed a redacted version[2] of the investigatory records on February 25, 2013--two days before a show-cause hearing on the petition to compel disclosure. The district court and parties agreed that the MPD's disclosure of the requested records had mooted the petition to compel disclosure except as to the appellants' request for attorney fees and costs.[3] The hearing was held to address the narrow issue of

---

[1]    The appellants made a formal request with the Meridian Fire Department on December 27, 2012, for disclosure of the information regarding past or present carbon monoxide problems at the apartment complex where McQuen died. This information was provided on January 14, 2013. The appellants also made a verbal request on December 28, 2012, for the make, model, and serial number of the water heater in the apartment in which McQuen died, which was provided on December 31, 2012.

[2]    The appellants do not challenge the redactions made to the MPD's disclosures.

[3]    Although the petition to compel was mooted by the MPD's disclosure of the records, this appeal is not moot. In cases regarding public records requests, even when the disputed records are produced, if the records were not provided until after the lawsuit to compel the production of the records was instituted and the issue of attorney fees remains, as is the case here, the case is not moot and this Court has jurisdiction to hear the appeal. *Wade v. Taylor*, 156 Idaho 91, 96, 320 P.3d 1250, 1255 (2014); *Henry v. Taylor*, 152 Idaho 155, 161, 267 P.3d 1270, 1276 (2012).

2

whether, for the purpose of awarding attorney fees and costs pursuant to I.C. § 9-344(2),[4] the MPD was justified in initially denying the appellants' public records request and whether the MPD's refusal to disclose the records was frivolous. At the hearing, the appellants argued that the MPD failed to examine the records and separate the exempt from the nonexempt, as required by I.C. § 9-341. Additionally, the appellants argued that the subsequent production of the specifically requested records while the investigation was still ongoing was an implicit admission by the MPD that its initial blanket denial was unjustified and frivolous. The MPD elicited testimony from the lead detective on the criminal investigation and the assistant city attorney who had reviewed the requested records and determined the MPD's records were exempt. The detective and the attorney testified as to the ways that disclosure of the records at the early stage of the investigation could have interfered with current or future enforcement proceedings.

On March 15, 2013, the district court denied the appellants' request for attorney fees and costs, finding that the appellants were not a prevailing party under I.C. § 9-344(2) and that the MPD did not act in bad faith in denying disclosure of the investigatory records while the investigation was ongoing. The district court also determined that the MPD was justified in initially asserting that the records were exempt from disclosure because, in the district court's view, records pertaining to an ongoing criminal investigation are categorically exempt from disclosure. The district court expressly declined to examine the documents, finding such an examination was unnecessary in light of the district court's conclusion that *all* records connected to an ongoing criminal investigation are exempt. The appellants filed a motion for reconsideration, which the MPD objected to on procedural grounds. After a hearing, the motion was denied on May 14, 2013. This appeal followed.

---

[4]     Idaho Code Section 9-344(2) provides, in pertinent part:

> If the court finds that the public official's decision to refuse disclosure is not justified, it shall order the public official to make the requested disclosure. . . . In any such action, the court shall award reasonable costs and attorney fees to the prevailing party or parties, if it finds that the request or refusal to provide records was frivolously pursued.

## II.

## STANDARD OF REVIEW

When considering an appeal from a public records request, findings of the district court that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). We exercise free review over questions of law. *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 504, 248 P.3d 1236, 1239 (2011). Whether to award attorney fees and costs pursuant to a statute is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The party disputing an award or denial of attorney fees and costs bears the burden of showing an abuse of discretion. *Nampa & Meridian Irr. Dist. v. Wash. Fed. Sav.*, 135 Idaho 518, 525, 20 P.3d 702, 709 (2001).

## III.

## ANALYSIS

### A.     Timeliness of Appeal

As a preliminary issue, the MPD challenges the jurisdiction of this Court to hear this appeal based on the appellants' alleged failure to timely file their notice of appeal. To be timely, a notice of appeal must be filed with the clerk of the district court within forty-two days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action. I.A.R. 14(a). A timely appeal is necessary to vest jurisdiction in this Court to review issues arising from the proceedings below. I.A.R. 21; *Dunlap v. Cassia Mem'l Hosp. Med. Ctr.*, 134 Idaho 233, 235, 999 P.2d 888, 890 (2000); *Carr v. Carr*, 116 Idaho 754, 757, 779 P.2d 429, 432 (Ct. App. 1989). A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *H & V Eng'g, Inc. v. Idaho St. Bd. of Prof. Eng'rs and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1988). Even if

4

jurisdictional questions are not raised by the parties, this Court is obligated to address them, when applicable, on our own initiative. *Id.*

Here, the district court entered an order denying the appellants' motion for attorney fees and costs on March 15. The appellants filed a motion for reconsideration with the district court, which was denied on May 14. On the same date, the district court issued a document entitled "Judgment," which stated that the appellants' motion for attorney fees and costs was denied. The appellants filed their notice of appeal with the district court forty-two days later on June 25. The MPD contends that the March 15 document--not the May 14 document--was a final judgment, regardless of its appellation as an order, because it resolved all the issues before the district court, fully adjudicated the subject matter of the controversy, and embodied a final determination of the rights of the parties. As a result, according to the MPD, this appeal is untimely because it was not filed within forty-two days of the March 15 order.

A final judgment is an order or judgment that ends a lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. *Camp v. E. Fork Ditch Co., Ltd.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002). To be final, a judgment or order must be set out in a separate document in a manner that complies with I.R.C.P. 54(a). I.R.C.P. 58(a); *Bald, Fat & Ugly, LLC v. Keane*, 154 Idaho 807, 809, 303 P.3d 166, 168 (2013); *Hunting v. Clark Cnty. Sch. Dist. No. 161*, 129 Idaho 634, 637, 931 P.2d 628, 631 (1997). A judgment is defined in Rule 54(a) as follows:

> "Judgment" as used in these rules means a separate document entitled "Judgment" or "Decree." A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. *A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact, or conclusions of law.* A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

(Emphasis added.) A document that does not comply with Rule 54(a) does not constitute a final judgment. *In re Holland v. Metro. Prop. and Cas. Ins. Co.*, 153 Idaho 94, 99, 279 P.3d 80, 85 (2012).

The district court's March 15 order denying the appellants' request for attorney fees and costs was not a final judgment because it was not set out in a separate document; it was not

5

entitled "judgment" or decree"; and it contained a recital of the district court's findings of fact, legal reasoning, and conclusions of law. The only document that meets the requirements of a final judgment in this case was the document entitled "Judgment," which was issued on May 14. Thus, the forty-two-day time to appeal did not begin until May 14, and the appellants' June 25 notice of appeal was timely filed. As a result, the MPD's preliminary claim that the appellants' appeal is untimely is without merit.

**B.      Denial of Attorney Fees and Costs**

The appellants argue that the district court abused its discretion when it denied the appellants' request for attorney fees and costs under I.C. § 9-344(2). Specifically, they assert that the district court erred in finding that the MPD was justified in denying the appellants' public records request based on its determination that I.C. § 9-335(1)(a) allows law enforcement to "categorically deny[] all public records requests pertaining to an ongoing criminal investigation." According to the appellants, this erroneous reading of the statute led the district court to find that the records were exempt and that the MPD's refusal to disclose the documents from an active criminal investigation was justified and not frivolous. It also led the district court to erroneously find that there was not a prevailing party for purposes of awarding attorney fees and costs.

**1.      Categorical exemption**

Under I.C. § 9-338, there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute. *Bolger*, 137 Idaho at 796, 53 P.3d at 1215. As a result, we narrowly construe exemptions to the disclosure presumption. *Id.*; *Federated Publ'ns, Inc. v. Boise City*, 128 Idaho 459, 463, 915 P.2d 21, 25 (1996). The statutory scheme for disclosure of public records, and this Court's interpretation thereof, clearly envisions that, in responding to an order to show cause, the agency bears the burden of persuasion and must "show cause," or prove, that the documents fit within one of the narrowly-construed exemptions. *Bolger*, 137 Idaho at 797, 53 P.3d at 1216. Idaho Code Section 9-340B exempts from disclosure investigatory records of law enforcement agencies under conditions set forth in I.C. § 9-335. Under I.C. § 9-335(1), the disclosure of investigatory records compiled for law enforcement purposes by a law enforcement agency is not required if the withholding agency shows a reasonable probability that disclosure of the investigatory

6

records would result in one or more of the harms identified by I.C. § 9-335(1)(a)-(f). *Wade v. Taylor*, 156 Idaho 91, 100, 320 P.3d 1250, 1259 (2014).

In this case, the MPD denied the appellants' initial request for disclosure because it alleged that disclosure would "[i]nterfere with enforcement proceedings." *See* I.C. § 9-335(1)(a). Because the district court determined that the MPD was justified in claiming exemption for all of the investigatory records, the question of whether the MPD demonstrated a reasonable probability that disclosure would have resulted in one of the harms listed in I.C. § 9-335(1)(a)-(f) was not answered. The district court concluded that the ongoing nature of an investigation was a sufficient basis for the MPD to have categorically denied the appellants' public records request in its entirety and not provide any documents until the investigation was complete. The district court also noted that the MPD could have opted to review every record in the MPD's file to determine what was exempt and what was not, but was not required to do so despite the language contained in I.C. § 9-341. According to the district court, this is because the "mere acknowledgment that a criminal investigation is taking place can sometimes be enough to jeopardize enforcement proceedings."

Although this may be true in some instances, the district court is nonetheless incorrect in its interpretation of the statute. The structure of the statute indicates that the legislative intent underlying I.C. § 9-335 is to prevent the premature disclosure of information that may compromise an investigation, the state's case in court, or the defendant's right to a fair trial. *Wade*, 156 Idaho at 98, 320 P.3d at 1257. However, this does not support the creation of a categorical exemption for active investigations. Indeed, the Idaho Supreme Court recently rejected the application of a categorical approach to a different aspect of the investigatory records exemption. *See id.* at 99, 320 P.3d at 1258 (declining to adopt a categorical approach to the burden of proof required under I.C. § 9-335(1)). Moreover, as noted above, we narrowly construe exemptions to the disclosure presumption. *Bolger*, 137 Idaho at 796, 53 P.3d at 1215; *Federated Publ'ns, Inc.*, 128 Idaho at 463, 915 P.2d at 25.

In light of this narrow construction, the structure of I.C. § 9-335 belies the possibility of a categorical exemption for active investigatory records. Section 9-335(1) applies to investigatory records generally, while Section 9-335(3) deals with inactive investigatory records, indicating that there is a distinction between active and inactive investigatory records. *Wade*, 156 Idaho at 98, 320 P.3d at 1257. In other words, because Section 9-335(3) specifically deals with "inactive

7

investigatory records," Section 9-335(1) necessarily addresses active investigatory records. Section 9-335(1) also requires the withholding agency to show a reasonable probability that disclosure of the requested investigatory records would result in one or more of the harms identified by I.C. § 9-335(1)(a)-(f). *Wade*, 156 Idaho at 100, 320 P.3d at 1259. Thus, an agency must show proof beyond the mere threshold fact that the investigation is active and ongoing before the exemption for investigatory records applies. Otherwise, the list of potential harms in Section 9-335(1)(a)-(f) becomes superfluous as merely explanatory of the harms that may occur from disclosure instead of a list of harms that the agency must show a reasonable probability of occurring before the exemption for active investigatory records applies. We will not affirm an interpretation of a statute that makes words or provisions superfluous, void, or redundant. *Clark v. Shari's Mgmt. Corp.*, 155 Idaho 576, 580, 314 P.3d 631, 635 (2013).

Thus, the district court was incorrect in concluding that the MPD was not required to review the records of an active investigation when requested and separate the exempt from the nonexempt documents. On the contrary, a public agency has a clear duty to examine the documents subject to a public records request and separate the exempt and nonexempt material and make the nonexempt material available for examination. I.C. § 9-341; *Wade*, 156 Idaho at 101, 320 P.3d at 1260. This applies regardless of whether the investigation is active or inactive. The district court also erred in determining that I.C. § 9-335(1) provided a categorical exemption for active investigatory records, even in the early stages of the investigation. Law enforcement agencies must still show a reasonable probability that disclosure of each requested document in investigatory records may result in one of the enumerated harms and they must disclose all documents in investigatory records for which this showing cannot be made.

### 2. Prevailing party

We must next determine whether the district court's belief that there was a categorical exemption for active investigatory records affected the denial of the appellants' request for attorney fees and costs under I.C. § 9-344(2), which was based on the district court's determination that there was no prevailing party in the case. This determination was due, in part, to the mooting of the petition to compel following the MPD's disclosure of the requested documents two days prior to the show-cause hearing. As a result of this disclosure, the district court found it unnecessary to review the requested records to determine if the MPD was initially justified in withholding the requested documents. The appellants argue that the district court

abused its discretion in reaching this conclusion because it is inconsistent with applicable legal standards and was based on the district court's erroneous application of a categorical exemption for active investigations.

Idaho Code Section 9-344(2) provides the sole basis for awarding attorney fees in actions pursuant to the Idaho Public Records Act. *Wade*, 156 Idaho at 102, 320 P.3d at 1261; *Henry v. Taylor*, 152 Idaho 155, 162, 267 P.3d 1270, 1277 (2012). An award of attorney fees and costs under I.C. § 9-344(2) requires a two-part showing that the requesting party is a prevailing party and that the request for or refusal to provide records was frivolously pursued. The determination of which party is the prevailing party is within the discretion of the district court and will not be disturbed absent an abuse of that discretion. *Bolger*, 137 Idaho at 797, 53 P.3d at 1216; *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 767, 992 P.2d 751, 762 (1999). Only in rare cases has this Court or the Idaho Supreme Court reversed a lower court's determination of which party prevailed. *Shore v. Peterson*, 146 Idaho 903, 914, 204 P.3d 1114, 1125 (2009). The prevailing party question is examined and determined from an overall view of who prevailed in the action, not a claim-by-claim analysis. *Id.*; *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). The district court's inquiry is guided by I.R.C.P. 54(d)(1)(B), which provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Thus, in determining the prevailing party or whether there was a prevailing party in a case, the district court must consider the extent to which each party prevailed relative to the final judgment or result. *Id.*

Before the district court can make a reasoned decision as to whether there is a prevailing party under I.C. § 9-344(2), it must determine whether the agency was justified in initially withholding the requested documents. The district court has a duty to determine whether an agency was justified in asserting that disclosure of the investigative records would result in one of the harms identified in Section 9-335(1)(a)-(f) in light of the records before it. I.C. § 9-335(4); *Wade*, 156 Idaho at 99, 320 P.3d at 1258. This duty applies whenever there is a request

9

for attorney fees and costs under I.C. § 9-344(2), even if disclosure is made before the hearing. This is because disclosure moots the issue of compelling disclosure, but does not moot the issue of whether the agency's initial refusal to produce records was justified for purposes of awarding attorney fees and costs. This determination should be based on a thorough review of the investigatory records and consideration of the likelihood that the harms identified in Section 9-335(1)(a)-(f) will be realized. *Wade*, 156 Idaho at 99-100, 320 P.3d at 1258-59. Thus, the district court engages in the same analysis and has the same duty as the public agency to examine the documents subject to a public records request and separate the exempt and nonexempt material when determining whether the agency was justified in claiming exemption for active investigatory records. *See* I.C. §§ 9-343(1) and 9-335(4); *Wade*, 156 Idaho at 101, 320 P.3d at 1260.

Here, the district court did not engage in this analysis due to its erroneous determination that the MPD's initial refusal to disclose the requested investigatory records was justified under a categorical exemption. As such, this case must be remanded to allow the district court the opportunity to review the requested investigatory records and determine, under the proper statutory standard enunciated in *Wade*, whether the MPD was justified in its initial refusal to disclose the requested records. If the district court finds that the MPD was not so justified, the district court must then determine whether there was a prevailing party in the case and whether the refusal was so unjustified as to be frivolous, thereby requiring an award of attorney fees and costs.

## C.    Attorney Fees on Appeal

Both parties assert that they are entitled to attorney fees on appeal under I.C. § 12-117 because the other party acted without a reasonable basis in law or fact. However, I.C. § 12-117 does not apply to appeals from public records requests. *Henry*, 152 Idaho at 162, 267 P.3d at 1277. As indicated above, I.C. § 9-344(2) is the sole basis for awarding attorney fees in actions pursuant to the Idaho Public Records Act, including on appeal. *Wade*, 156 Idaho at 102, 320 P.3d at 1261; *Henry*, 152 Idaho at 162, 267 P.3d at 1277. Just as when considered below, an award of attorney fees and costs on appeal under I.C. § 9-344(2) requires a two-part showing that the requesting party is a prevailing party on appeal and that the appeal was frivolously pursued.

The MPD is not the prevailing party on appeal. Although the appellants prevailed on appeal, the MPD did not frivolously defend this appeal, as the issue was at least reasonably

10

debatable. Accordingly, neither the MPD nor the appellants are entitled to attorney fees on appeal under Section 9-344(2).

## IV.

## CONCLUSION

The district court erred in finding that a law enforcement agency could claim a categorical public records exemption for active investigations. This error infected its determination that there was no prevailing party in this case, and the district court abused its discretion in failing to review the requested records. Accordingly, we reverse the district court's order denying the appellants' motion for attorney fees and costs and remand for further proceedings consistent with this opinion. Costs, but not attorney fees, on appeal are awarded to the appellants.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**