IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 35007

PATRICK GARDINER and ADA          )
GARDINER, husband and wife        )
                                  )
            Petitioners-Respondents, )
v.                                )
                                  )     Boise, September 2009 Term
BOUNDARY COUNTY BOARD OF          )
COMMISSIONERS,                    )     2010 Opinion No. 31
                                  )
            Respondent-Appellant, )     Filed: March 18, 2010
                                  )
and                               )     Stephen W. Kenyon, Clerk
                                  )
TUNGSTEN HOLDINGS, INC.           )
                                  )
            Intervenor-Appellant. )
                                  )

Appeal from District Court of the First Judicial District of the State of Idaho, Boundary County. Hon. James R. Michaud, District Judge.

The decision of the district court is <u>affirmed</u>, including the award of attorney fees and costs. Attorney fees and costs on appeal are awarded to respondents.

Philip H. Robinson and Louis E. Marshall, Sandpoint, for appellants. Louis E. Marshall argued.

Paul Vogel, Sandpoint, argued for respondent.

Janet Robnett, Coeur d'Alene, argued for intervenor-appellant.

_____

W. JONES, Justice

## FACTUAL AND PROCEDURAL BACKGROUND

Tungsten Holding, Inc. (Tungsten) owns a parcel of land in Boundary County, Idaho that is zoned agriculture/forestry under Boundary County, Idaho, Zoning and Subdivision Ordinance 99-06 (the Zoning Ordinance). In order to operate a commercial gravel pit on its premises, on March 22, 2005, Tungsten filed an application to obtain a special use permit. The Boundary

1

County Planning and Zoning Commission held a public hearing on the application on May 19, 2005, and made a recommendation to deny the special use permit. The Boundary County Board of Commissioners (the Board) subsequently held public hearings on July 26, 2005, and August 8, 2005, and the Board thereafter granted a special use permit on September 6, 2005.

The respondents, Patrick and Ada Gardiner, own real property located a quarter mile from the commercial gravel pit on which they operate a registered Angus cattle breeding ranch. Following the grant of the permit, the Gardiners filed a petition for judicial review. Before review could occur, however, the parties agreed to remand the proceeding to the Board for consideration without the participation of Commissioner Dan Dinning, the brother of Rick Dinning, the principal owner of Tungsten. Commissioner Dan Dinning had participated in the public hearings and deliberations that led to the Board's initial decision, but refrained from voting on the issue.

On remand, the Board held an additional public hearing on July 26, 2005, without Dan Dinning, and the Board ultimately granted the special use permit on September 7, 2006. Following the grant of the special use permit, the Gardiners again filed a petition for judicial review. In a Memorandum Opinion and Order, the district court overturned the Board's ruling and declared the special use permit void. The Board timely filed this appeal. Tungsten was subsequently given leave to intervene in these proceedings.

### ISSUES ON APPEAL

1. Whether the special use permit was granted unlawfully because Chapter 7, Section 1(E) of the Zoning Ordinance conflicts with I.C. § 67-6512(a), and because operation of a gravel pit does not qualify as a conditional use.

2. Whether the grant of the special use permit amounted to unlawful spot zoning.

3. Whether the Gardiners were deprived of an impartial tribunal by the Board.

4. Whether operation of a gravel pit conforms to Boundary County's Comprehensive Plan.

5. Whether the justification of the Board for the grant of the special use permit is supported by substantial evidence in the record.

6. Whether the Board held Tungsten to the burden of proof.

7. Whether the Board's "Findings and Decision" contains information sufficient to comply with I.C. § 67-6535.

8. Whether the Gardiners needed to show a violation of their substantial rights in order to overturn the ruling of the Board.

9. Whether this Court should affirm the district court's award of attorney fees and costs.

10.    Whether this Court should award attorney fees and costs on appeal.

## STANDARD OF REVIEW

The Local Land Use Planning Act allows an affected person to seek judicial review of an approval or denial of a land use application. I.C. § 67-6521(1)(d); *Neighbors for a Healthy Gold Fork v. Valley County*, 145 Idaho 121, 126, 176 P.3d 126, 131 (2007) (citing *Evans v. Teton County*, 139 Idaho 71, 74, 73 P.3d 84, 87 (2003)). Where the district court acted in an appellate capacity, this Court reviews the Board's record independent of the district court's decision. *Neighbors*, 145 Idaho at 126, 176 P.3d at 131. As a matter of procedure, this Court affirms or reverses the decision of the district court. *Losser v. Bradstreet*, 145 Idaho 670, 673, 183 P.3d 758, 761 (2008).

When reviewing questions of fact, the Board's "decisions are entitled to a strong presumption of validity, including the [Board's] application and interpretation of its own zoning ordinances." *Neighbors*, 145 Idaho at 126, 176 P.3d at 131. The party attacking the decision of the Board must first demonstrate that the Board erred in a manner specified in I.C. § 67-5279(3). *Id.* Under I.C. § 67-5279(3), the attacking party must show that the Board's conclusions or decisions were: "(a) in excess of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion." *Id.* Second, the attacking party must show that one of their substantial rights was prejudiced. I.C. § 67-5279(4).

Like construction of a statute, interpretation of an ordinance is an issue over which this court exercises free review. *Friends of Farm to Mkt. v. Valley County*, 137 Idaho 192, 196, 46 P.3d 9, 13 (2002).

## ANALYSIS

### I.    This Court affirms the ruling of the district court that the special use permit was not lawfully issued.

When granting Tungsten the special use permit, the Board applied Chapter 7 of the Zoning Ordinance. Chapter 7 prescribes three categories of uses within an agriculture/forestry zone, the location of Tungsten's property. The categories include "uses by right," "permitted uses," and "conditional uses." In addition, Chapter 7, Section 1(E) states, "Any use not specified in this section as a use by right or conditional use is eligible for consideration as a special use, subject to the provisions of Chapter 13." The Board found the gravel pit to be a conditional use

3

as defined by Chapter 7, Section (D)(1): "Commercial businesses supplying products and services for agricultural and forestry activities."

The district court held that Chapter 7, Section 1(E) of the Zoning Ordinance conflicts with I.C. §67-6512(a), and consequently, Section 1(E) is void. The court also held that a gravel pit is not a prescribed conditional use because it does not fit within Chapter 7, Section (D)(1), the conditional use relied upon by the Board. This Court affirms the rulings of the district court.

### A. This Court affirms the ruling of the district court that Chapter 7, Section 1(E) of the Zoning Ordinance conflicts with I.C. § 67-6512(a).

Tungsten and the Board claim I.C. § 67-6512(a) and Chapter 7, Section 1(E) are in alignment. They argue that the unambiguous meaning of I.C. § 67-6512(a) allows for the grant of a special use permit so long as certain conditions are satisfied. Tungsten and the Board assert that Section 1(E) is in alignment with I.C. § 67-6512(a) because it conditionally permits the grant of special use permits subject to compliance with specified conditions, as specified in Chapter 13 of the Ordinance.

Idaho Code § 67-6512(a) is clear and unambiguous, and accordingly, the statute is to be given its plain meaning. *Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 573, 21 P.3d 890, 895 (2001). Idaho Code § 67-6512(a) provides: "A special use permit may be granted to an applicant if the proposed use is conditionally permitted by the terms of the ordinance." Specifically, the wording within the statute, "conditionally permitted," is unambiguous. The statute requires the use, not the permit, to be "conditionally permitted." Thus, under I.C. § 67-6512(a), a special use permit may be granted for uses prescribed within the Zoning Ordinance, and because operation of a gravel pit was not prescribed in the Ordinance, the grant of the special use permit was improper.

Moreover, the plain meaning of Chapter 7, Section 1(E) cannot be reconciled with I.C. § 67-6512(a), and as a result, Section 1(E) is void. *See Boise v. Bench Sewer Dist.*, 116 Idaho 25, 33, 773 P.2d 642, 650 (1989) (holding that a county ordinance may not conflict with a state statute). Tungsten and the Board assert that both provisions I.C. § 67-6512(a) and Chapter 7, Section 1 (E) allow the grant of a special use permit so long as particular conditions are met, as are specified in Chapter 13 of the Ordinance. They claim the district court's interpretation of I.C. § 67-6512(a), requiring the specific use to be set out in the Zoning Ordinance in order for a special use permit to be granted, would defeat the need for special use permits. Conditionally permitted uses necessary to obtain a special use permit will be synonymous with prescribed uses

4

to obtain a conditional use permit, eradicating the need for special use permits, Tungsten and the Board claim. Although the language of I.C. § 67-6512 is not particularly ideal, a careful reading of the statute discloses that a special use permit and a conditional use permit are essentially one and the same. Chapter 7, Section 1(E) of the Zoning Ordinance is void since it conflicts with I.C. § 67-6512(a) because it purports to authorize practically any type of land use or development not otherwise allowed under the ordinance, simply by complying with the rather generic provisions of Chapter 13 of the ordinance. Section 1(E), states: "Any use not specified in this section as a use by right or conditional use is eligible for consideration as a special use, subject to the provisions of Chapter 13." In other words, if a particular use is not specified for a specific piece of property as either a use of right or a use permissible under conditions, the owner has carte blanche to seek and possibly obtain any use available under the sun. This is an "anything goes" provision. Chapter 13 contains no provisions either limiting or allowing proposed uses of land located in the County. Section 1(E) is obviously inconsistent with I.C. § 67-6512(a), which states in pertinent part: "[a] special use permit may be granted to an applicant if the proposed use is conditionally permitted by the terms of the ordinance . . . ." That is, a special use may only be allowed if conditionally permitted. Other than the word "special," this is exactly the same as a conditional use permit. If the ordinance does not conditionally permit a proposed use, it is not eligible for a conditional/special use permit.

**B.** **This Court affirms the finding of the district court that the operation of a gravel pit is not a conditional use under the ordinance.**

The Board ruled that the gravel pit qualified as a conditional use, and consequently, the Board granted Tungsten a special use permit. The Board held that operation of the gravel pit was in accordance with Chapter 7, Section 1(D)(1), one of the prescribed conditional uses. Section 1(D)(1) provides that "[c]ommercial businesses supplying products and services for agricultural and forestry activities," constitute a conditional use. The Board justified its ruling by writing: "The finding is based on an argument that construction of roads and protecting against flood are two critical factors necessary to promote the continuing and continued productivity of agriculture and forest use in Boundary County."

The district court held that the proposed use, operation of a gravel pit, did not constitute a conditional use. In doing so, the court interpreted the definition of "commercial," and ruled that "it is not reasonable to conclude that a gravel pit or surface mining operation with its aspects of excavation, crushing and blasting can be deemed a commercial activity."

5

On appeal, the Board claims that given Boundary County's rural character, the ruling of the Board that operation of a gravel pit constitutes a commercial business is reasonable. The Board asserts that "commercial" in Boundary County is not the same as "commercial" in Ada County. The Board argues that "[w]hile a commercial enterprise might be associated with a strip mall in Kootenai County, in Boundary County it is a gravel pit."

The Gardiners argue that the ruling of the Board was arbitrary and capricious because operation of a gravel pit falls outside the definition of "commercial use," which is defined in the Zoning Ordinance as a use "intended primarily for the conduct of retail trade in goods and services." In addition, the Gardiners assert that rock extracted from the gravel pit will be used for road construction, not to "supply products and services for agricultural and forestry activities," as also required in order to qualify as a "conditional use."

This Court reviews the record of the Board independent of the district court's decision. *Neighbors*, 145 Idaho at 126, 176 P.3d at 131. In order to overturn the ruling of the Board, the party attacking the decision of the Board must demonstrate that it was arbitrary or capricious. I.C. § 67-5279(3); *Id.*

This Court affirms the holding of the district court that operation of a gravel pit does not constitute a conditional use. Chapter 7, Section 1(D)(1) provides that the following is a conditional use: "Commercial businesses supplying products and services for agricultural and forestry activities." "Commercial" is defined within the Ordinance as "[a] use or structure intended primarily for the conduct of retail trade in goods and services." Operation of the gravel pit will entail excavation, crushing and blasting, which is a long way from an activity intended for the retail trade of goods. Accordingly, the finding of the Board that operation of a gravel pit fits within Chapter 7, Section (1)(D(1), while disregarding the definition of "commercial," amounted to an arbitrary decision.

Our decision that the grant of the special use permit was invalid disposes with the case; therefore, we will not address the remaining issues other than attorney fees.

**II.    This Court affirms the district court's award of attorney fees and costs and awards attorney fees and costs on appeal.**

The district court required the Board to pay attorney fees to the Gardiners under I.C. § 12-117(1). Idaho Code § 12-117(1) provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other

taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

The Board claims that the award of attorney fees was unwarranted. The Board cites *Ralph Naylor Farms v. Latah County*, 144 Idaho 806, 172 P.3d 1081 (2007), *Payette River Prop. Owners Ass'n*, 132 Idaho 551, 976 P.2d 477 (1999), and *Idaho Potato Comm'n v. Russet Valley Produce*, 127 Idaho 654, 904 P.2d 566 (1995), to demonstrate that even if it was improper for the Board to grant a special use permit, the ruling of the Board was reasonable.

The Gardiners argue that Chapter 7, Section 1(E) conflicts with the unambiguous meaning of I.C. § 67-6512(a), and in light of its clear meaning, the Board's interpretation was unreasonable.

This Court exercises free review over a district court's application of I.C. § 12-117. *Fischer v. City of Ketchum*, 141 Idaho 349, 352, 109 P.3d 1091, 1094 (2005). "The prevailing party is entitled to attorney fees under I.C. § 12-117 if they show that the state agency 'acted without a reasonable basis in fact or law.'" *Reardon v. Magic Valley Sand & Gravel*, 140 Idaho 115, 118, 90 P.3d 340, 343 (2004).

This Court affirms the award of attorney fees by the district court. This case is similar to *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 88–91, 175 P.3d 776, 778–80 (2007), and *Fischer*, 141 Idaho at 356, 109 P.3d at 1098, because in both cases an agency ignored the plain and unambiguous language of a statute or ordinance, which led to the award of attorney fees. Likewise, the grant of attorney fees to the Gardiners is affirmed because the Board acted contrary to an unambiguous state statute and a local ordinance.

In addition, the cases cited by the Board can be differentiated. In each case cited by the Board, this Court held that even though the respective boards' application of a state statute or local ordinance was erroneous, the board did not act without a reasonable basis in fact or law. *Idaho Potato Comm'n*, 127 Idaho at 661, 904 P.2d at 573; *Payette River Prop. Owners Ass'n*, 132 Idaho at 556–7, 976 P.2d at 482–83; *Ralph Naylor Farms*, 144 Idaho at 810–11, 172 P.3d at 1085–86. Idaho Code § 67-6512(a), however, is clear on its face—a special use permit may only be granted if the use is prescribed in advance by the ordinance under which the special use permit was granted. Furthermore, when considering whether the operation of a gravel pit

7

qualifies as a conditional use, as discussed in Section I [B], the definition of "commercial" is clearly expressed, leaving no room for ambiguity.

## CONCLUSION

For the foregoing reasons, this Court affirms the decision of the district court, including attorney fees and costs, and awards the Gardiners attorney fees and costs on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**