## IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38269-2010

| | | |
|---|---|---|
| **BURNS HOLDINGS, LLC,** | ) | |
| | ) | **Boise, January 2012 Term** |
| **Petitioner-Appellant,** | ) | |
| | ) | **2012 Opinion No. 19** |
| **v.** | ) | |
| | ) | **Filed: January 25, 2012** |
| **TETON COUNTY BOARD OF** | ) | |
| **COMMISSIONERS,** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Teton County.  The Hon. Gregory W. Moeller, District Judge.

The judgment of the district court is <u>affirmed</u>.

Dale W. Storer, Holden, Kidwell, Hahn & Crapo, PLLC; Idaho Falls, argued for appellant.

Kathleen H. Spitzer, Teton County Prosecuting Attorney, Driggs, argued for respondent.

_____

EISMANN, Justice.

This is an appeal from the decision of the district court upholding the denial of a conditional use permit seeking to waive the provision of a zoning ordinance limiting the maximum height of buildings and structures.  We uphold the district court on the correct theory that the height restriction can be waived only by a variance, not by a conditional use permit.

## I.

## Factual Background

This case illustrates the time and expense that can be expended due to the confusion between a variance and a conditional use permit.  Burns Holdings, LLC, desired to construct a concrete batch plant in Teton County near the City of Driggs.  It purchased a 6.5 acre parcel of

property located in an unincorporated part of the county that was within the Driggs area of city impact. Teton County and Driggs had agreed pursuant to Idaho Code section 67-6526 that the city's zoning laws would apply in the area of impact. Pursuant to that agreement, the county had passed an ordinance providing, "The officially adopted comprehensive plan, zoning ordinance and subdivision ordinance of the city of Driggs together with any subsequent amendments thereto shall apply to the land in the city area of impact, provided the County Board of Commissioners adopt such amendment." Teton County, Idaho, Code § 7-1-3.

Burns Holdings applied to the county for a zoning change from C-3 (commercial) to M-1 (light industrial), and on February 26, 2007, the county approved the zoning change on the conditions that Burns Holdings and the county execute a development agreement, that the zoning will revert back to C-3 if the project does not come to fruition, and that Burns Holdings pay the impact area application fee. The county and Burns Holdings later entered into a development agreement dated August 31, 2007.

The Driggs zoning ordinance provided that "[a]ny building or structure or portion thereof hereafter erected shall not exceed forty-five (45) feet in height *unless approved by conditional use permit*." Driggs, Idaho, Ordinance Ch. 2, § 13(c) (emphasis added). Based upon the highlighted provision of the ordinance, on June 13, 2007, Burns Holdings filed an application with the city for a conditional use permit (CUP) to exceed the height limitation. It wanted to erect a structure that was 75 feet high. As will be explained below, the Local Land Use Planning Act (LLUPA), I.C. §§ 67-6501 through 67-6538, did not permit a CUP to be used to waive that zoning restriction.

On July 11, 2007, the city planning and zoning department approved the conditional use permit to increase the height limitation on Burns Holdings's property to 75 feet. On July 19, 2007, the matter was then sent to the county for its approval. The county scheduled a public hearing for September 13, 2007. At that hearing, there was confusion as to whether the matter being considered was an appeal from the decision of the city planning and zoning department or a decision for the county to make, and whether the county even had jurisdiction to make the decision because of the terms of the area of city impact agreement. The county had advertised the hearing as an appeal from the decision of the city planning and zoning department. The county commissioners ultimately decided that the decision of the city department was merely a

2

recommendation and that the county had the responsibility to decide the CUP application.[1]  At the request of Mr. Storer, counsel for Burns Holdings, the public hearing was rescheduled so that proper notice could be sent out.  There was also confusion as to whether permission to exceed the 45-foot height limitation should be by a variance or by a CUP.  The following exchange occurred.

> MR. CHAIRMAN:  We're using the term CUP and variance interchangeably here, which is a Driggs custom, and not ours.
> COMMISSIONER STEVENSON:  I just said CUP.
> MR. STORER:  I'm not much for labels.  I think the question is, can we build a plant 75 feet high, period.  You put whatever label you want, but I think that's the issue.

The rescheduled hearing was held on November 15, 2007, and at the end of the hearing the county commissioners voted to deny the CUP.  On December 11, 2007, Burns Holdings filed a petition for judicial review based in part upon the lack of any written decision by the board of county commissioners.  The parties briefed and argued the matter, and on October 30, 2008, the district court remanded it back to the county commissioners to prepare written findings and a reasoned statement as required by Idaho Code section 67-6535.

The district court also ordered that if Burns Holdings desired further judicial review after the board issued a written decision, it could file an amended petition for judicial review.  On December 22, 2008, the county issued written findings of fact and conclusions of law, and on January 20, 2008, Burns Holdings faxed to the court an amended petition for judicial review.  In a brief filed on July 16, 2009, by the current Teton County prosecuting attorney, who took office in January 2009, the county argued for the first time that the application for a CUP must be denied because Idaho Code section 67-6516 of LLUPA required a variance in order to obtain a waiver of a zoning ordinance provision limiting the height of buildings.  The district court held that the county's findings of fact and conclusions of law were inadequate, and it remanded the matter to the county to submit written findings of fact and a reasoned decision that complied with the requirements of Idaho Code section 67-6535, Idaho Code section 67-6519(4), and this Court's opinion in *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 655 P.2d

---

[1] A county cannot delegate to a city the power to make zoning decisions beyond the city's limits. *Reardon v. Magic Valley Sand and Gravel, Inc.*, 140 Idaho 115, 119, 90 P.3d 340, 344 (2004).  The county and the city can agree that the city comprehensive plan and zoning ordinances will apply in the unincorporated area of the county that is within the city's area of city impact, but the county must adopt an ordinance providing for the application of the city plan and zoning ordinances in the area of city impact.  I.C. § 67-6526.

926 (1982). The court rejected the county's argument that Burns Holdings should have applied for a variance rather than a CUP because the ordinance allowed for a CUP and the county's argument came too late. The court did not address the conflict between that provision of the ordinance and Idaho Code section 67-6516.

On November 9, 2009, the county issued amended findings of fact and conclusions of law. It denied the application on the ground that Idaho Code section 67-6516 required a variance to obtain a waiver of a zoning ordinance provision limiting the height of buildings. The county also held that if the matter was considered as a CUP application, it must be denied because a structure 75 feet in height was not a conditionally permitted use under the ordinance; there are no conditions that could be attached to a 75-foot building to assure the protection of and compatibility with surrounding properties as required by the zoning ordinance; a 75-foot building was not compatible with the comprehensive plan; and the application does not involve the proposed use of the property, but merely the height of a building to be constructed on the property.

On December 4, 2009, Burns Holdings filed a second amended petition for judicial review. After that petition was briefed and argued, the district court issued its decision on October 1, 2010. It rejected the contention that a variance was required to waive the height limitation, but it upheld the denial of the CUP on other grounds. Burns Holdings then timely appealed to this Court.

## II.

### A Conditional Use Permit Cannot Be Used to Obtain a Waiver of
### a Zoning Ordinance Provision Limiting the Height of Buildings.

An applicant who is denied a CUP may file a petition for judicial review under the procedures provided in chapter 52, title 67, Idaho Code, of the Idaho Administrative Procedures Act. I.C. §§ 67-6519(4) & 67-6521(1)(d). The decision may be overturned on judicial review only where it: (a) violates statutory or constitutional provisions; (b) exceeds statutory authority; (c) was made upon unlawful procedure; (d) is not supported by substantial evidence in the record as a whole; or (e) is arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). On an appeal from the decision of the district court on a petition for judicial review, we review the court's decision to determine whether it correctly decided the issues presented to it. *Lake CDA*

4

*Invs., LLC v. Idaho Dept. of Lands*, 149 Idaho 274, 278, 233 P.3d 721, 725 (2010). "Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory." *Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003).

We need not address the issues raised by Burns Holdings on appeal because it was required to seek a variance in order to obtain a waiver of the maximum height limitation in the zoning ordinance. The Driggs zoning ordinance included a provision stating, "Any building or structure or portion thereof hereafter erected shall not exceed forty-five (45) feet in height unless approved by conditional use permit." Driggs, Idaho, Ordinance Ch. 2, § 13(c). To the extent that this ordinance provision allows waiver of the height limitation by a CUP, it violates LLUPA, and is therefore void.

A variance is a means of obtaining a waiver of certain requirements of a zoning ordinance.[2] Idaho Code section 67-6516 defines a variance as follows:

> A variance is a modification of the bulk and placement requirements of the ordinance as to lot size, lot coverage, width, depth, front yard, side yard, rear yard, setbacks, parking space, height of buildings, or other ordinance provision affecting the size or shape of a structure or the placement of the structure upon lots, or the size of lots.

Pursuant to that statute, a variance is required to waive the bulk and placement requirements of a zoning ordinance, including those limiting the height of buildings.[3] A variance can only be granted "upon a showing of undue hardship because of characteristics of the site and that the variance is not in conflict with the public interest." I.C. § 67-6516. To the extent that chapter 2, section 3, of the Driggs ordinance permitted height restrictions to be waived by a CUP, it conflicted with Idaho Code section 67-6516 and was therefore void. *Gardiner v. Boundary County Bd. of Comm'rs*, 148 Idaho 764, 767, 229 P.3d 369, 372 (2010).

---

[2] The provision in the city zoning ordinance that concerns variances also states that a variance is required to waive the height limitation on buildings. It states, "A variance is a modification of the requirements of this ordinance as to . . . height of buildings . . . or other ordinance provisions affecting the size or shape of a structure or the placement of the structure upon the lot." Driggs, Idaho, Ordinance Ch. 4, § 3.

[3] A variance would not be required if the zoning ordinance made such requirements inapplicable to specified types of development.

5

A CUP concerns the proposed use of property, not the waiver of zoning ordinance requirements such as the maximum height of buildings. Idaho Code section 67-6512(a) provides:

> A special use permit may be granted to an applicant if the proposed use is conditionally permitted by the terms of the ordinance, subject to conditions pursuant to specific provisions of the ordinance, subject to the ability of political subdivisions, including school districts, to provide services for the proposed use, and when it is not in conflict with the plan.

In addition, the proposed use must be prescribed within the zoning ordinance. *Gardiner,* 148 Idaho at 767, 229 P.3d at 372. If the ordinance does not conditionally permit a proposed use, it is not eligible for a conditional/special use permit." [4] *Id*. at 768, 229 P.3d at 373. The waiver of a zoning ordinance restriction is not a proposed use of property.

A CUP is used for classifications of uses that the zoning authority has determined will be permitted only if it is allowed to require specified types of conditions that are typically developed on a case-by-case basis in order to mitigate the adverse effects that the development and/or operation of the proposed use may have upon other properties or upon the ability of political subdivisions to provide services for the proposed use. Section 67-6512(d) includes a non-exhaustive list of the types of conditions that can be attached to a CUP. [5]

The nature of the hearing for the issuance of a variance and a CUP will also differ. To obtain a variance, the applicant must show that there is "undue hardship because of characteristics of the site and that the variance is not in conflict with the public interest." I.C. §

---

[4] A special use permit and a conditional use permit are the same thing under Idaho Code section 67-6512. *Gardiner v. Boundary County Bd. of Comm'rs*, 148 Idaho 764, 767, 229 P.3d 369, 372 (2010).

[5] Idaho Code section 67-6512(d) provides:
> Upon the granting of a special use permit, conditions may be attached to a special use permit including, but not limited to, those:
> (1) Minimizing adverse impact on other development;
> (2) Controlling the sequence and timing of development;
> (3) Controlling the duration of development;
> (4) Assuring that development is maintained properly;
> (5) Designating the exact location and nature of development;
> (6) Requiring the provision for on-site or off-site public facilities or services;
> (7) Requiring more restrictive standards than those generally required in an ordinance;
> (8) Requiring mitigation of effects of the proposed development upon service delivery by any political subdivision, including school districts, providing services within the planning jurisdiction.

67-6516. The hearing in connection with a CUP will focus upon the conditions that should be attached to the permit. The CUP hearing may also involve "the ability of political subdivisions, including school districts, to provide services for the proposed use." I.C. § 67-6512.

In this case, Burns Holdings was required to seek a variance in order to obtain a waiver of the zoning ordinance's limitation on the maximum height of buildings or structures. To obtain that variance, it was required to show that there was undue hardship because of the site characteristics and that the variance would not conflict with the public interest. It did not offer such evidence. Although a provision of the zoning ordinance stated that a building height exceeding 45 feet could be approved by a CUP, that provision was void. The failure of the county to raise the variance requirement until two years after the CUP application was submitted to it does not authorize the waiver of the height restriction by use of a CUP. The county had no authority to waive the requirements of Idaho Code section 67-6516, nor did the district court. Because Burns Holdings could not obtain a waiver of the height restriction by a CUP, the county did not err in denying the CUP.

### III.

### Is Either Party Entitled to an Award of Attorney Fees
### Pursuant to Idaho Code Section 12-117?

Burns Holdings requests an award of attorney fees on appeal pursuant to Idaho Code section 12-117(1). Quoting from *Smith v. Washington County Idaho*, 150 Idaho 388, 391, 247 P.3d 615, 618 (2010), the county correctly notes that attorney fees are not awardable under that statute in a proceeding commenced by a petition for judicial review, but it asks for an award of fees "if attorney fees are available." Because Idaho Code section 12-117(1) does not authorize the award of attorney fees in this type of proceeding, neither party is entitled to such an award.

### IV.

### Conclusion.

We affirm the decision of the district court affirming the county's denial of the conditional use permit. We award costs on appeal, excluding attorney fees, to respondent.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

7