IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42626

| | |
|---|---|
| GRETCHEN HYMAS, BREANN HALOWELL, AND TRAVIS FORBUSH, | ) 2015 Opinion No. 84 |
| | ) |
| | ) Filed: December 14, 2015 |
| Petitioners-Appellants, | ) |
| | ) Stephen W. Kenyon, Clerk |
| v. | ) |
| | ) |
| THE MERIDIAN POLICE DEPARTMENT, | ) |
| | ) |
| | ) |
| Respondent. | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion for costs and attorney fees in action to disclose public records, <u>affirmed</u>.

Gretchen Hymas, Breann Halowell, and Travis Forbush, pro se appellants.

William L.M. Nary, City Attorney; Emily Davis Kane, Deputy City Attorney, Meridian, for respondent.

_____

HUSKEY, Judge

Gretchen Hymas, Breanna Halowell, and Travis Forbush (appellants) appeal from the district court's order denying their request for costs and attorney fees. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hymas and Forbush are the parents of McQuen Forbush, who died of carbon monoxide poisoning while staying at a third party's apartment. Halowell, who was present at the time of Forbush's death, also suffered carbon monoxide poisoning. Within a month of Forbush's death,

1

appellants made a public records request for any information relating to that death.[1]  The Meridian Police Department (respondent) denied the request pursuant to Idaho Code § 74-124(1)(a),[2] asserting that the investigation was ongoing and that disclosure would interfere with enforcement proceedings.  Appellants filed an action to compel respondent to disclose the requested records and requested attorney fees pursuant to I.C. § 74-116.

Respondent concluded its investigation and, two days prior to the show cause hearing, provided appellants with the investigatory records.  At the show cause hearing, the parties agreed that the records request was moot and only costs and attorney fees were still at issue.  Without reviewing the withheld records, the district court determined that no costs or attorney fees should be awarded because there was no prevailing party.  The district court also found that the refusal to disclose the requested records was appropriate because respondent "would have been justified in categorically denying all public records requests pertaining to an ongoing criminal investigation."  Appellants then appealed the district court's denial of their request for costs and attorney fees.

On appeal, this Court determined, "[t]he district court erred in finding that a law enforcement agency could claim a categorical public records exemption for active investigations."  *Hymas I*, 156 Idaho at 748, 330 P.3d at 1106.  We reversed and remanded, directing the district court to review the requested records and conduct the three-step analysis set forth in *Wade v. Taylor*, 156 Idaho 91, 320 P.3d 1250 (2014), a case the Idaho Supreme Court decided during the pendency of the appeal.  We directed the district court to determine: (1) whether respondent was justified in its initial refusal to disclose the requested records; (2) whether there was a prevailing party; and (3) if a prevailing party was identified, "whether the refusal was so unjustified as to be frivolous, thereby requiring an award of costs and attorney fees."  *Hymas I*, 156 Idaho at 747, 330 P.3d at 1105.

On remand, the district court declined to award attorney fees on alternative grounds. First, although holding that appellants were the prevailing party, the district court held that

---

[1]    This is the second appeal arising out of this case.  For a more thorough recitation of the factual background, *see Hymas v. Meridian Police Dep't*, 156 Idaho 739, 330 P.3d 1097 (Ct. App. 2014) (*Hymas I*).

[2]    On July 1, 2015, the legislature moved Public Records Act from title 9 to the newly created title 74, entitled Transparent and Ethical Government.  This opinion will cite to title 74, as the substance of the statutes at issue has not been affected by the change in title designation.

2

appellants were not entitled to costs and attorney fees because they failed to specifically identify the records they believed were frivolously withheld. The district court reasoned as follows:

> On an active motion to compel the disclosure of public records, the district court obviously needs to review every single document to determine which are required by law to be produced. On a motion for attorney's fees and costs, however, review should be limited to the records the moving party specifically identifies as having been frivolously withheld. Where no documents are identified by the moving party as having been frivolously withheld, no obligation to review should exist.

Alternatively, the district court found that appellants were not entitled to costs or attorney fees because the investigative exemption was asserted non-frivolously with respect to all requested documents. The district court found that although it would have ordered respondent to produce ten of the sixty documents available at the time of the denial, the investigatory exemption was not asserted frivolously as to any of the records, including the ten it would have ordered respondent to produce. Appellants appealed from the district court's order denying their motion for costs and attorney fees.

## II.

## STANDARD OF REVIEW

When considering an appeal from a public records request, this Court will not set aside a district court's findings of fact unless they are "clearly erroneous, which is to say that findings that are based on substantial and competent, although conflicting, evidence will not be disturbed on appeal." *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). "This Court exercises free review over questions of law, including the interpretation of a statute." *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 504, 248 P.3d 1236, 1239 (2011). Whether to award costs and attorney fees pursuant to a statute is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *Hymas I*, 156 Idaho at 743, 330 P.3d at 1101.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

3

## III.

## ANALYSIS

The district court determined that appellants were not entitled to costs and attorney fees in two alternative holdings. First, the district court held that appellants were not entitled to costs and attorney fees because they failed to identify documents they believed were frivolously withheld. Alternatively, the district court held that respondent non-frivolously asserted the investigative exemption with respect to all documents requested by appellants. We will address both of these holdings.

### A. The District Court Erred When It Held Appellants Must Identify Frivolously Withheld Records

The district court held that appellants were required to identify specific records that were frivolously withheld. We disagree.

In its order, the district court noted that because appellants received the requested records prior to the show cause hearing, the only pending motion before the court was the motion for costs and attorney fees. The court stated that in such a situation, "review should be limited to the records the moving party specifically identifies as having been frivolously withheld" and, "where no documents are identified by the moving party as having been frivolously withheld, no obligation to review should exist." The court ruled that because appellants "failed to specifically identify for the District Court the records that [they believed] were frivolously withheld," they were not entitled to costs and attorney fees. In so ruling, the district court improperly shifted the burden to appellants by requiring them to identify which specific records the respondent frivolously withheld.

On a motion to compel, the withholding party carries the burden of proof as to why it withheld specific records. *Wade*, 156 Idaho at 100, 320 P.3d at 1259. Even if the agency discloses the requested records before a hearing is held, the burden of proof remains with the withholding party to justify its denial. *Hymas I*, 156 Idaho at 747, 330 P.3d at 1105. Thus, where an agency denies a public records request in whole and then subsequently discloses the records after its denial is legally challenged, the moving party need only make a good-faith claim that the agency's conduct in denying the request was frivolous and the withholding party must then articulate the statutory basis for withholding the documents. Therefore, we conclude that the district court erred in finding that appellants did not meet their burden of proof.

4

Where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds. *MacLeod v. Reed*, 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct. App. 1995). Here, the district court's judgment can be sustained on other grounds.

**B.      Respondent's Refusal to Disclose Investigative Records Was Not Frivolous**

Appellants seek costs and attorney fees under I.C. § 74-116(2), arguing that respondent's refusal to provide public records was frivolous because the denial was based on an institutionalized disregard for the law and because respondent had already released the information to an individual not affiliated with a government agency. To resolve this issue, we must: (1) clarify the standard for awarding attorney fees under the Public Records Act, (2) determine whether appellants are the prevailing party, and (3) determine whether an award of costs and attorney fees is appropriate in this case.

**1.      Idaho Code § 74-116(2) is not the exclusive basis for an award of costs and attorney fees under the Public Records Act**

Here, appellants seek an award of costs and attorney fees under I.C. § 74-116(2). Under I.C. § 74-116(2), a court "shall award reasonable costs and attorney fees to the prevailing party or parties, if it finds that the request or refusal to provide records was frivolously pursued." In *Hymas I*, this Court stated that I.C. § 74-116(2) is the "sole basis for awarding attorney fees in actions pursuant to the Idaho Public Records Act." *Hymas I*, 156 Idaho at 746, 330 P.3d at 1104. This statement is somewhat overbroad and in need of clarification.

In *Henry v. Taylor*, the Supreme Court of Idaho was asked to determine whether records relating to a county contract were subject to disclosure under the Public Records Act. *Henry v. Taylor*, 152 Idaho 155, 267 P.3d 1270 (2011). After determining that the documents sought were public records, the Court turned to the issue of costs and attorney fees. The appellant sought costs and attorney fees under three separate statutes: I.C. § 12-117; and I.C. § 12-121; I.C. § 74-116[3]. *Henry*, 152 Idaho at 161, 267 P.3d at 1276. After analyzing the statutes before it, the Court stated:

> Idaho Code section [74-116(2)] sets forth the standard for awarding reasonable costs and attorney fees in actions pursuant to the Public Records Act. To base an award on some other statute would be contrary to the legislature's intent in including in the Act an attorney fee provision with a specified standard for awarding attorney fees in proceedings to enforce compliance with the Act. *That*

---
[3]      Formerly, I.C. § 9-344.

5

*statute is the exclusive basis for such an award*. Therefore, Idaho Code sections 12-117 and 12-121 do not apply.

*Henry*, 152 Idaho at 162, 267 P.3d at 1277 (emphasis added).

In *Wade*, the appellant requested investigatory records under the Public Records Act. On appeal, the appellant sought an award of costs and attorney fees under I.C. § 74-124(4), I.C. § 74-116(2), I.C. § 12-121, and I.R.C.P. 54(e)(1). *Wade*, 156 Idaho at 102, 320 P.3d at 1261. The Court cited *Henry* and then stated, "Idaho Code section [74-116(2)] is the only statute that applies to Wade's request for attorney fees." *Wade*, 156 Idaho at 102, 320 P.3d at 1261. Relying on that statement in *Hymas I*, we held that I.C. § 74-116(2) "is the sole basis for awarding attorney fees in actions pursuant to the Idaho Public Records Act, including on appeal." *Hymas I*, 156 Idaho at 747-48, 330 P.3d at 1105-06.

The above cited cases correctly held that I.C. §§ 12-117 and 12-121 do not apply to public records requests. However, they are incorrect to the extent that they hold that I.C. § 74-116(2) is the sole basis for awarding costs and attorney fees under the Public Records Act. In fact, the following six statutes authorize costs and attorney fees under the Public Records Act: I.C. §§ 74-113(2)(b), 74-114(7), 74-116(2), 74-121(8), 74-123(5), and 74-124(4). Therefore, it appears that the holding in *Henry* only meant to preclude parties from seeking an award of costs and attorney fees based on statutes outside the Public Records Act. Neither *Henry* nor its progeny intended to foreclose a party from seeking an award of costs and attorney fees based on a statute within the Public Records Act.

Here, appellants could have sought an award of costs and attorney fees under two separate statutes within the Public Records Act. The first, discussed above, is I.C. § 74-116(2). The second statute, I.C. § 74-124(4), pertains specifically to investigatory records and allows a court, in its discretion, to award costs and attorney fees to the prevailing party, regardless of whether the denial was frivolous. However, appellants never requested costs and attorney fees under I.C. § 74-124(4) and generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, because appellants requested costs and attorney fees pursuant to I.C. § 74-116(2) only, we need not address whether they would have been entitled to costs and attorney fees under any other statute. *See Crea v. FMC Corp.*, 135 Idaho 175, 181, 16 P.3d 272, 278 (2000).

## 2. Appellants were the prevailing party on remand

To determine a prevailing party, the district court must consider the extent to which each party prevailed relative to the final judgment or result. *Hymas I*, 156 Idaho at 747, 330 P.3d at 1105. The prevailing party question is examined and determined from an overall view of who prevailed in the action, not a claim-by-claim analysis. *Id.*; *Shore v. Peterson*, 146 Idaho 903, 914, 204 P.3d 1114, 1125 (2009). Before the district court can identify a prevailing party, it must determine whether the agency was justified in initially withholding the requested documents. *Hymas I*, 156 Idaho at 747, 330 P.3d at 1105. Here, the district court found that appellants were the prevailing party because it would have ordered respondent to produce ten of the sixty requested documents. Although the district court correctly determined that appellants were the prevailing party, it erred in determining that respondent was justified in refusing to disclose any of the documents.

All public records are presumed open at all reasonable times for inspection except as otherwise provided by statute. I.C. § 74-102(1). A law enforcement agency is not required to disclose investigatory records compiled for law enforcement purposes if disclosure would interfere with enforcement proceedings or disclose investigative techniques and procedures. I.C. § 74-124(1). The Court narrowly construes these exceptions. *Wade*, 156 Idaho at 97, 320 P.3d at 1256. "[T]he withholding agency has the burden to demonstrate a reasonable probability that disclosure of the requested records would result in a harm listed in Idaho Code section [74-124(1)(a)-(f)]." *Id.* at 100, 320 P.3d at 1259. "The district court is to make [its] determination in light of the record before it, not based on a generalization of the types of documents withheld." *Id.* at 99-100, 320 P.3d at 1258-59.

At the show cause hearing, two witnesses testified regarding the records. The investigating officer testified that he did not personally go through the file, but that the disclosure potentially could have interfered with enforcement proceedings, generally, because he had not yet spoken to all witnesses. Similarly, the city attorney cited general concerns, such as witnesses changing stories, destruction of relevant evidence, and suspects fleeing if they learned the direction of the investigation.

The district court found that had respondent failed to disclose the records prior to trial, it would have ordered respondent to produce ten of the sixty documents. To support its conclusion, the district court created a spreadsheet with a description of each document, the

7

applicable statute, and a section showing whether the investigatory exemption applied. The district court's finding is not supported by the record.

*Hymas I* states, "Law enforcement agencies must still show a reasonable probability that disclosure of *each* requested document in investigatory records may result in one of the enumerated harms and they must disclose all documents in investigatory records for which this showing cannot be made." *Hymas I*, 156 Idaho at 746, 330 P.3d at 1104 (emphasis added). If the withholding agency fails to meet its burden, it has not shown cause for withholding the records and should be ordered to disclose them. Although the district court is required to review the records and consider the exemptions, it does so only after the withholding agency provides sufficient evidence to meet the relevant standard, i.e. establishing a reasonable probability that disclosure of the record would result in an enumerated harm. *Id.* While individual documents themselves may tend to evidence the reasonable probability of harm from disclosure, the agency must nonetheless satisfy its burden with evidence demonstrating the harm that might result from disclosure of each document. And, while the evidence showing the likelihood of harm from disclosure of a document may be the same or similar for all or a number of the subject documents, the evidence must not be generalized or categorical.

In this case, respondent put on its evidence regarding the exemptions before it had the benefit of the *Wade* Court's preclusion of a categorical approach to exemptions. The evidence which was presented was generalized as to the problems which can occur when producing documents at a time when the investigation was ongoing. Counsel even argued that "we're trying to protect everything until we get done" and "when it's complete, we will provide it, as we did." While the concerns expressed are well taken, they are categorical. After remand from the first appeal, while the district court analyzed each document, the respondent did not put on individualized evidence of the likelihood of harm from production. Therefore, with only the generalized and categorical explanations of potential harm in the record, the district court did not have evidence sufficient to connect a risk of harm to the production of each document and erred in deciding that only ten of the sixty documents should have been disclosed.

However, because the district court ultimately found that appellants were the prevailing party, the error was harmless. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983) (holding that error is not reversible unless it is prejudicial).

8

### 3. Respondent did not act frivolously

Appellants are not entitled to attorney fees solely because respondent was unjustified in withholding the documents. Before awarding costs and attorney fees, we must determine whether respondent's position was frivolously asserted. The district court found that respondent's failure to disclose the requested public records was not frivolous. We agree.

A court shall award reasonable costs and attorney fees to the prevailing party if it finds that the request or refusal to provide records was frivolously pursued. I.C. § 74-116(2). Under a separate title, the Idaho Code defines frivolous as conduct "not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." I.C. § 12-123(1)(b)(ii); *see also* BLACK'S LAW DICTIONARY 451 (8th ed. 2004) (defining a "frivolous defense" as one that has no basis in law or fact). However, a party's position is not frivolous simply because the district court concludes that it fails as a matter of law. *Garner v. Povey*, 151 Idaho 462, 468, 259 P.3d 608, 614 (2011).

Courts have found that where an agency ignored the plain and unambiguous language of a statute or ordinance, its conduct was unreasonable and not in conformance with applicable law. *See*, *e.g.*, *Gardiner v. Boundary Cnty. Bd. of Comm'rs*, 148 Idaho 764, 769, 229 P.3d 369, 374 (2010), *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 227 P.3d 353 (2012). On the other hand, courts have found that where an agency's improper application of a statute was nonetheless reasonable, the agency acted in conformance with applicable law. *See Randel*, 152 Idaho at 909, 227 P.3d at 356 (2012).

Therefore, we examine whether respondent ignored plain and unambiguous statutory language or whether it acted reasonably in the face of statutory ambiguity. As set forth in the Idaho Code, there is a presumption that all public records are open for inspection. I.C. § 74-102. If a requested record is an investigatory record, the agency may refuse to disclose the record if it fits within one of the exemptions set forth in I.C. § 74-124.[4] The agency must, "upon receipt of a

---

[4] These exemptions apply to the extent that production of a record would: (1) interfere with enforcement proceedings; (2) deprive a person of a right to a fair or an impartial adjudication; (3) constitute an unwarranted invasion of personal privacy; (4) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement agency in the course of a criminal investigation, confidential information furnished only by the confidential source; (5) disclose investigative techniques and procedures; or (6) endanger the life or physical safety of law enforcement personnel.

request for disclosure, separate the exempt and nonexempt material and make the nonexempt material available for examination." I.C. § 74-112. Further, the agency must "show cause" that exempt records fit within one of the narrowly construed exemptions. *Bolger*, 137 Idaho at 796, 53 P.3d at 1215.

Here, there is substantial and competent evidence that respondent did not frivolously claim that producing investigatory records would interfere with enforcement proceedings or disclose investigative techniques and procedures. At the show cause hearing, the city attorney testified that he made a page-by-page determination with respect to appellants' records request. Respondent also provided each of the records at issue for the court's inspection. Additionally, much of the law on public records requests was unsettled at the time of the show cause hearing. Respondent did not have the benefit of *Wade* or *Hymas I*, which stated that there is no categorical exemption for investigatory records. *See Wade*, 156 Idaho at 99, 320 P.3d at 1257; *see also Hymas I*, 156 Idaho at 746, 330 P.3d at 1104. *Wade* and *Hymas I* also clarified that respondent must show a reasonable probability that disclosure of each investigatory record may result in an enumerated harm. Therefore, because the law was unsettled, the district court appropriately concluded that it was not unreasonable for respondent to take the position that the records were protected by the investigative exemption.

We do, however, find some of respondent's conduct concerning. At the show cause hearing, respondent's witness admitted to releasing a state inspector's report to a third-party insurance investigator because that investigator was present in the apartment when the state inspector was performing his testing. Additionally, respondent released certain requested documents, which it previously refused to produce, to appellants' attorney after he sent emails and made phone calls to respondent's attorney. Although we are concerned with respondent's inconsistent procedures, denying formal public records requests to one party but then releasing the documents to parties through back channels, such actions did not persuade the district court that the denial was frivolous.

We must note, however, that had the show cause hearing taken place after *Wade* and *Hymas I* were issued, the result could have been different. As discussed above, respondent did not show a reasonable probability that disclosure as to each requested document would result in an enumerated harm. Case law now makes clear that there is no categorical exemption, and any

party asserting a categorical exemption going forward does so at its own risk. However, in the case before us, we cannot find that the district court abused its discretion.

**C.      Costs and Attorney Fees on Appeal**

On appeal, both parties seek attorney fees under I.C. § 74-116(2). To award costs and attorney fees, we must determine whether either party frivolously pursued or defended the appeal. I.C. § 74-116(2).

On appeal, respondent is the prevailing party. However, appellants did not frivolously pursue this appeal. Appellants presented good faith arguments based on existing law, and prevailed on certain claims, but not the ultimate issue. Therefore, we decline to award costs and attorney fees on appeal.

### IV.
### CONCLUSION

Based on the foregoing, the district court's order denying petitioner costs and attorney fees is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.