# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46200

| | |
|---|---|
| DANIEL E. RODGERS, | ) |
| | ) Filed: November 22, 2019 |
| Plaintiff-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAN M. BENNETTS, Ada County | ) OPINION AND SHALL NOT |
| Prosecutor; LYNNE GLICK, Office | ) BE CITED AS AUTHORITY |
| Administrator, Custodian, | ) |
| | ) |
| Defendants-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| KAREN ELDREDGE, Boise City | ) |
| Police Records Custodian, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order awarding attorney fees, vacated.

Daniel E. Rodgers; Boise, pro se appellant.

Jan M. Bennetts, Ada County Prosecutor; Lorna K. Jorgensen, Deputy Ada County Prosecuting Attorney, Boise, for respondents.

_____

GRATTON, Chief Judge

Daniel E. Rodgers appeals from the district court's final judgment entered after the court granted summary judgment in favor of the respondents. Rodgers argues the district court erred when it found the case was frivolous and awarded attorney fees to the respondents. For the reasons set forth below, the district court's order awarding attorney fees to respondents is vacated.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2016, Rodgers sent a public records request to the Boise City Police Department requesting records relating to a break-in reported by Rodgers in the 1986-87 timeframe. On November 30, 2016, Karen Eldredge (the records custodian for Boise City Police Department), sent a letter to Rodgers which included certain responsive documents. The response and the documents produced referenced certain "DR" numbers relating to the matter reported. In that letter, Rodgers was advised, "Additionally, one page is denied as we are not the custodians of Ada County Prosecuting Attorney's office records." Rodgers was also advised that the response may be appealed by filing a petition in conformance with the provisions of Idaho Code Title 74, Chapter 1, with the Fourth Judicial District Court of Idaho.

In December 2016, Rodgers sent a public records request to the Ada County Prosecutor's office which asked for copies of "any/all police reports, evidence disposition forms, entry of plea forms (CASSETTE tape(s) interview or plea), & property disposition/destruction logs" relating to the "DR" numbers identified in the response and documents provided by the City of Boise. Lynne Glick, the Ada County Prosecutor's office administrator, sent Rodgers a letter stating the Ada County Prosecutor did not have any documents that were responsive to Rodgers' request.

Rodgers filed a petition in the Fourth Judicial District to compel the disclosure of public records. The petition named the following defendants: Glick, Jan M. Bennetts (the Ada County Prosecuting Attorney), and Karen Eldredge. The district court scheduled a hearing on Rodgers' petition. Bennetts and Glick filed a motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. The district court denied the motion to dismiss as premature.

The City of Boise filed an answer to Rodgers' petition and a motion to dismiss on behalf of Eldredge. Eldredge and Rodgers subsequently stipulated to dismiss Eldredge from all claims arising out of the action, and the district court issued an order to dismiss Eldredge with prejudice.

Bennetts and Glick filed a motion for summary judgment. Incident to the motion, Glick filed a declaration explaining that after receiving the petition she again searched for records, sent a file clerk to the warehouse, and then personally went to the warehouse in an unsuccessful effort to find responsive records, searching the "DR" numbers as well as the names of individuals involved. Glick also explained that in 2002, the Ada County Prosecuting Attorney's office,

pursuant to statute and resolution, destroyed old files and most remaining records beginning with the year 2002. A copy of Board of Ada County Commissioners Resolution No. 1070, dated September of 2000, and authorizing records destruction was also attached. The district court granted the motion for summary judgment, ruled Bennetts and Glick were the prevailing parties, found the case was brought and pursued frivolously and without foundation, and awarded attorney fees to Bennetts and Glick. The district court entered a judgment which dismissed the case with prejudice as to "all defendants."[1]

In a memorandum of costs, Bennetts and Glick requested $4,335 in attorney fees. Rodgers filed an objection to the memorandum. The district court entered an amended judgment that included the attorney fees award of $4,335. Rodgers timely appeals.

## II.

## STANDARD OF REVIEW

The district court's award of attorney fees is reviewed for an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Rodgers argues the district court erred when it awarded attorney fees to Bennetts and Glick. Rodgers claims Bennetts and Glick were not eligible for attorney fees because they were not the prevailing parties and his lawsuit was not frivolous.

Idaho Code § 74-116(2) authorizes the award of reasonable attorney fees to the prevailing party in a public records case where the proceeding is frivolous. Such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *See Hymas v. Meridian Police Dep't*, 159 Idaho 594, 600-01, 364 P.3d 295,

---

[1] The judgment stated: "This case is dismissed with prejudice as to all defendants. Defendants Jan M. Bennetts and Lynne Glick are awarded attorney fees to be determined pursuant to Idaho Rule of Civil Procedure 54(e)." It is unclear if "all defendants" included Eldredge, since she was a named party on the judgment but had already been dismissed from the case.

3

301-02 (Ct. App. 2015). The district court determined that Bennetts and Glick were the prevailing parties and were entitled to attorney fees pursuant to I.C. § 12-121 and, in the alternative, I.C. § 74-116(2).

Rodgers argues Bennetts and Glick were not eligible for attorney fees because the lawsuit was not frivolous.[2] We agree. The district court found that the petition was brought and pursued frivolously and without foundation. The court awarded Bennetts and Glick all of their claimed attorney fees from the filing of the petition. The district court did not parse out some portion of the litigation as having been "pursued" frivolously. Therefore, we look to the district court's determination that the matter was brought frivolously.

At the beginning of the hearing on attorney fees, Rodgers referred to the fact that Boise City had withheld one page from its response because the document was an Ada County Prosecuting Attorney document and argued:

> Despite the Boise City Police identification of one page being denied, the Ada County Prosecuting Attorney's office has not provided or even acknowledged the one page. The Ada County Prosecutor [sic] Attorney's office did nothing more than require for [sic] all records requests search for public records. That the records may have been in a warehouse and the need to search a warehouse is nothing more or less than is required by any public records request. That an attorney needed--needed to go check old files indicates a need for the Court to assist.[3]

Under the circumstances, the filing of the petition was not frivolous. Simply, Rodgers knew that Boise City was in possession of a responsive Ada County Prosecuting Attorney document and Rodgers was attempting to obtain it from the prosecutor's office.

Further, the district court's determination that the petition was brought frivolously is undercut by the fact that the district court relied, at least in part, on the conduct and information

---

[2] Because we hold that the district court erred in determining that the petition was frivolous, we need not address the prevailing party arguments.

[3] At the telephonic hearing on the motion for summary judgment, Rodgers advised the district court that he had been moved to a hearing room without understanding what the hearing was and did not have his file with him. However, Rodgers argued, "But if they'd given me bits and pieces of the stuff, you know it's got to be there somewhere. And that's what I have pushed for." The prosecutor argued that Rodgers was confusing the City of Boise with the Ada County Prosecutor's office. Rodgers may have been referring to the information he received from Boise City as "bits and pieces," but he also knew or reasonably believed from that information that there was an Ada County Prosecutor's office document somewhere.

4

from the prosecutor's office *after* the petition was filed. During the summary judgment hearing, the district court stated:

> So there are no disputed facts here. There is a belief, apparently, on Mr. Rodgers' part that the County is not cooperating or is declining to cooperate. But the record that I have does not show that. The record that I have says that the County made every effort to locate records regard -- that were responsive to Mr. Rodgers' request, that they have no such records.

At the attorney fees hearing, the district court stated:

> The issue here is not the making of the public records request; it is the filing of the lawsuit once that request had been properly responded to. And following the filing of the lawsuit, the record indicates the County again went through, redid the search, and came up with the same result. They have no documents in their possession that were responsive to your request. The record suggests that there may have been some at some time, but they were long ago disposed of under a disposal policy of the County.

Ultimately, the petition prompted the prosecutor's office to conduct a more thorough search, including other places where they apparently thought documents could be held. After completing the more exhaustive search, the prosecutor's office concluded that any responsive documents were destroyed, likely in 2002, based upon statutory and resolution authority and communicated this information in the summary judgment motion. Rodgers' belief that the Ada County Prosecutor's office had, or once had, at least one document responsive to his request is unassailable, since the City of Boise told him it was in possession of such a document.[4] We hold that the district court abused its discretion in finding that the filing of the petition was frivolous. Accordingly, the district court's award of attorney fees is vacated.

Bennetts and Glick request attorney fees on appeal. As they are not the prevailing parties on appeal, no attorney fees are awarded.

---

[4] In the context of a frivolousness determination, Rodgers' belief may be relevant. In *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 646, 603 P.2d 597, 601 (1979), the Idaho Supreme Court upheld the district court's refusal to award attorney fees where "the lower court paid much attention to the fact that Palmer appeared Pro se and it could have properly concluded that Palmer believed his suit was not 'frivolous.'"

**IV.**

**CONCLUSION**

The district court abused its discretion when it awarded attorney fees to Bennetts and Glick in the underlying proceeding. We vacate the district court's award of attorney fees to Bennetts and Glick. No costs or attorney fees are awarded on appeal.

Judge HUSKEY and Judge LORELLO **CONCUR**.